Acchione, Appellant, *v.* Canuso, Sr. et al.

Argued November 11, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*John Kennedy Ewing* of *Saul, Ewing, Remick &
Saul,* for appellant.

*Irving Flexner,* for appellee.

Opinion by Whitmore, J., December 12, 1930:

The plaintiff brought an action in assumpsit against
the defendants to recover as damages the fair monthly
rental of a certain one yard Erie clam shell bucket
which the plaintiff alleges was taken from his yard
by the defendants without his permission and in the
possession or use of the defendants from April 8, 1928
to February 7, 1929, and for certain repairs to the
bucket, amounting in the aggregate to $990; an affi-
davit of defense was filed and the case tried before
a jury, resulting in a verdict in favor of the defend-
ants.

The plaintiff, appellant, sets forth twenty-two
assignments of error, the first being the court's re-
fusal to charge the jury that under all the evidence
the verdict must be in favor of the plaintiff and,
second, that the plaintiff was entitled to recover the
fair rental value of the bucket for a period of ten
months; the third, fourth and fifth assignments go to
the admission of testimony on the part of the defend-
ants who set up as a defense an alleged conversation
between the parties, which was not included in nor
made a part of the affidavit of defense. The sixth to

the nineteenth assignments, both inclusive, deal with alleged error of the court below in its charge to the jury.

As to the third, fourth and fifth assignments, the defendants were permitted by the court below, over the objection of the plaintiff, to testify as to certain conversations that took place between the parties subsequent to the time the bucket had been taken by the defendants and used by them. The affidavit of defense fails to disclose any promise, agreement or understanding whatsoever between the parties with respect to the use of the bucket by the defendants, nor does it contain any statement setting up the defense of release or waiver, and in admitting testimony on that point we think the court below was clearly in error. In Ruth-Hastings Glass Tube Company v. Slattery, 266 Pa. 288, the Supreme Court in an opinion by Mr. Justice SIMPSON held that Section 16 of the Practice Act of May 14, 1915, P. L. 483, limiting defenses to those raised by the affidavit of defense, should be strictly enforced. The assignments of error last referred to are, therefore, sustained.

The assignments of error with respect to the charge of the court as being partial and prejudicial to the plaintiff and not confined to the facts testified to by the witnesses are of great importance in this case. We quote excerpts therefrom as follows:

"It seems that Canuso took one part of it (the equipment belonging to the former partnership) and retained all of the yard and then Mr. Acchione either assumed jurisdiction over a little corner of the yard or trespassed on it ......"

"Did this defendant take the bucket under a claim of right as his own or did he steal it from his former partner? If it was stolen, and they have not shown a very pleasant attitude towards one another here, it is safe to assume that a warrant would have been

issued for the defendant's arrest on the charge of larceny ......''

"Mr. Acchione testified that the day after Easter Sunday in April, 1928, he happened to go to this equipment pile which I said he bel'eved was in his section of the yard and discovered the loss of his favorite bucket ......''

"But Acchione said no, that was not true, and he had some time trying to fix his attention on this particular night, and I don't know what impression that made upon you, but I know what impression it made upon me, and of course, that is for me, and what my impression is should not influence you, but there was some difficulty in Mr. Acchione's mind to this particular night ......''

"Can you say that for ten months this man Acchione allowed this bucket to remain away from him, out of his control, stolen or taken, either by force or right, do you believe that it was taken and kept for ten months and then he discovered it and now comes into court and wants you to allow him so much a month for his indifference?''

"That is not what the law contemplates, for a man to stand idly by and let another man slumber under the impression that he is using his own article for some ten months and then come forward and say that is not yours, that is mine, and I am going to make you pay for it. The law does not contemplate that at all. What does the jury think of the actions of a man like that? His duty is to be vigilant and watch his property and not allow someone else to come into possession of it and with a feeling of slumber and security use that article ......''

"...... and then there would be no criticism from the court, but here you have a situation when this man stands idly by allowing these months to accumulate. Why did he do that?''

A careful examination of the testimony fails to disclose that the appellant or anyone in his behalf made any reference to "the loss of his favorite bucket;" reference to the impression that claimant's testimony made upon the mind of the court and the expression "What does the jury think of the actions of a man like that," taken in connection with the portion of the charge above quoted, satisfies this court beyond any question of doubt that the charge of the court above referred to was clearly partial, prejudicial and improper.

Under such charge the jury would be justified in assuming that the trial judge was of the opinion that the plaintiff was not entitled to recover and they evidently did, as their verdict discloses.

The case of Monier v. Philadelphia Rapid Transit Company, 227 Pa. 273, is in point. In that case the Supreme Court on page 275 held:

"The language of the charge complained of in these assignments would manifestly prejudice the jury against the defendant company. We have condemned language of similar import used by counsel in arguing a case to the jury, and with greater reason it should not be employed by the court in submitting the case to the jury. The trial judge may express his views on the evidence in a proper and dispassionate manner so long as he leaves the jury entirely free to consider the evidence and determine the facts. He may not, however, by the use of violent and impassioned language discuss the parties, the witnesses, or the evidence in such manner as to prevent a calm and impartial consideration of the case by the jury. A litigant has a right to a trial by a fair and impartial jury whose consideration of his cause is not influenced by any language of the court which would create resentment or prejudice against him."

In Weiss et ux. v. London Guarantee and Accident

Co., Ltd., 280 Pa. 325, the Supreme Court on page 330 stated: "The whole trend of the charge was to belittle the defense. Even though no particular paragraph constitutes reversible error, yet where the tendency, as a whole, is to mislead, there is reversible error."

In Hoagland v. Mulford, 298 Pa. 588, the Supreme Court on page 591 stated: "The use of intemperate language in the charge of a trial judge calls for a reversal: Weiss v. London Guarantee & Accident Co., 280 Pa. 325. A litigant has a right to a trial by a fair and impartial jury whose consideration of his cause is not influenced by any language of the court which would create resentment or prejudice against him."

The judgment is reversed with a venire.