## Nevling, Appellant, *v.* Commercial Credit Company.

32

Argued April 19, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Fred B. Trescher,* of *Kunkle, Trescher & Snyder,* for appellant.

*Rabe F. Marsh, Jr.,* for appellee.

OPINION BY RENO, J., September 27, 1944:
Appellant instituted assumpsit to recover for the breach of obligations allegedly assumed by defendant when it became the assignee of a bailment lease. The appeal is from the judgment n. o. v. entered for defendant after a verdict had been directed in appellant's favor.

I. V. Wolfe, trading as Drey Street Motor Company, as lessor, entered into a bailment lease agreement with appellant, as lessee, of a used Chrysler automobile on July 11, 1930. The lease was a standard printed instrument issued by defendant finance company and included a judgment note in negotiable form, also executed by appellant to the order of Drey Street Motor Company. The note contains an explicit reference to the transaction: "This note is given to cover deferred installments or rental under a lease of even date for a motor car." On the same day the note and lease were executed, I. V. Wolfe, in consideration of an advance of the total unpaid rentals less a financing charge, assigned all his right, title, and interest in the lease and in the car to defendant, and simultaneously endorsed the note to defendant, which at that time was ignorant of any irregularities in the transaction between appellant and Wolfe. Defendant, in this assignment, did not expressly assume the obligations of the lease.

The bailment lease contained a clause in which lessee acknowledged that the car had been delivered to him in good condition, and there was an agreement between the original parties that the title to the vehicle was in the lessor and was there to remain until the expiration of the one year term. The lease also contained the usual clause giving the lessee the option to purchase, the car at the end of the term for the nominal sum of one dollar, provided the car were first surrendered to the lessor or his assigns and if there had been compliance with all the other terms of the agreement.

At the time of the transaction between appellant and Wolfe, the automobile bargained for was in Wolfe's garage in an extensively damaged condition and had been left there by its real owner for repairs. Appellant was not apprised of the fact that Wolfe had no proprietary interest in the car, but he did know that it was not in good running order, and Wolfe had agreed

with him that all necessary repairs would be made at a cost included in the rental charges. After the lease was signed, the car remained where it was, since it was in no condition to be driven away, until the true owner removed it several months later. Neither appellant nor defendant ever received a certificate of title to the car from Wolfe, as Wolfe never owned the vehicle.

In his statement of claim, appellant averred payment for the car by alleging that defendant had confessed judgment against him for the face amount of the note and that the judgment had subsequently been revived and later paid and satisfied of record. Appellant claimed that defendant thereby became bound, as assignee of the lease agreement, to transfer to him a good title to the automobile purported to have been leased or to respond in damages for failing to do so. Neither the statement of claim nor the affidavit of defense alleged any intermediate proceedings other than the revival and the satisfaction of the judgment, and the defense of res adjudicata was not raised in defendant's pleadings as a bar to the action.

Appellant, as a part of his case in chief, introduced the record of the judgment confessed against him in 1931, and a revival thereof in 1936. This record shows that after an unsuccessful attempt had been made to strike off the judgment (*Drey Street Motor Co. for use v. Nevling,* 106 Pa. Superior Ct. 42, 161 A. 880) a petition to open the judgment was filed. This petition was dismissed by the court on January 12, 1934, although the amount of the judgment was reduced by the payments made by appellant prior to the removal of the car from Wolfe's premises by the real owner. Instead of taking an appeal from the order refusing to open the judgment (Act of May 20, 1891, P. L. 101, §1, 12 PS §1100), appellant brought this action after several writs of execution had been issued against him and

he had paid the principal debt without interest or costs. In this state of the record, it is unnecessary to examine the merits of the case, and we express no opinion on them, as the controversy between these parties should have been concluded in their earlier litigation.

"In order to make a matter res adjudicata there must be a concurrence of the four following conditions: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made": *Siegfried v. Boyd*, 237 Pa. 55, 59, 85 A. 72. *Amer. Surety Co., N. Y., v. Dickson*, 345 Pa. 328, 28 A. 2d 316; *Com. ex rel. v. Mosey*, 147 Pa. Superior Ct. 466, 24 A. 2d 59. While the former opportunity to make defenses must have been at a hearing on the merits of the cause, proceedings on a petition to open judgment are sufficient for this purpose if the other elements of res adjudicata are present. *Heilman v. Kroh*, 155 Pa. 1, 25 A. 751; *Long v. Lebanon National Bank*, 211 Pa. 165, 60 A. 556; *Schlichtman v. Crawford*, 337 Pa. 497, 12 A. 2d 52. It is clear that in the proceedings to open the judgment the essential dispute related to defendant's obligations under the lease and note in view of the discovery of the fact that defendant's assignor had no title to the car involved in the transaction and that the real owner of the vehicle had recaptured it and removed it from the control of any of the parties. If defendant, as assignee, took the note and lease subject to defenses available to appellant as against Wolfe, those defenses should have been asserted in an attack upon the validity of the judgment, and they cannot now be advanced, by indirection, in the guise of an independent suit upon the lease. What defenses were in fact raised at that time is now immaterial, as it is well settled that all matters which might have been raised and decided in a former suit, as well as those which were ac-

tually raised therein, are res adjudicata in a subsequent proceeding between the same parties or their privies. *Schenley Farms Co. v. McGovern*, 312 Pa. 67, 167 A. 779; *Wallace's Estate*, 316 Pa. 148, 174 A. 397; *Bickley v. Penna. P. U. C.*, 148 Pa. Superior Ct. 399, 25 A. 2d 589. This is a particularly suitable case for the application of the doctrine of res adjudicata because the original judgment was confessed on the note on December 30, 1930, and the parties have been in court almost continuously since that time. "A contrary doctrine subjects the public peace and quiet to the will or neglect of individuals, and prefers the gratification of a litigious disposition on the part of suitors to the preservation of the public tranquillity and happiness": *Raisig v. Graf*, 17 Pa. Superior Ct. 509, 512.

Section 16 of the Practice Act of 1915 as amended by the Act of April 22, 1929, P. L. 627, §4, 12 PS §452, which provides, so far as now material, that in assumpsit the defendant shall not "be permitted at the trial to make any defense which is not set forth in the affidavit of defense," does not preclude the consideration of res adjudicata as a defense to the present action. The provisions of this section of the Practice Act are for the benefit of litigants as an aid to the orderly definition of the issues in a case and to prevent the element of surprise at a trial, but they may be waived by a party's failure to insist upon his rights. *McBride v. W. Pa. Paper Co.*, 263 Pa. 345, 106 A. 720. The statute prohibits a defendant in assumpsit from introducing, over objection, evidence to sustain a matter of defense which was not pleaded, (*Ruth-Hastings G. T. Co. v. Slattery*, 266 Pa. 288, 109 A. 695; *Marshall v. Troncelliti*, 96 Pa. Superior Ct. 57; *Acchione v. Canuso, Sr.*, 101 Pa. Superior Ct. 286), but it does not prevent him from taking advantage of an element in plaintiff's own case which will foreclose recovery, if plaintiff has himself produced evidence which defeats his claim. In

*Smith v. Penn Mutual Fire Ins. Co.,* 82 Pa. Superior Ct. 597, the question was left open whether defendant could avail himself of a defense not pleaded which was brought out on cross examination of the plaintiff. This question was resolved in the affirmative in *Brenner v. Pecarsky,* 86 Pa. Superior Ct. 414, where cross examination of the plaintiff disclosed that in selling a second-hand truck, for the price of which he was suing defendant, he had not complied with the Act of June 30, 1919, P. L. 702. Recovery was there denied, although violation of the statute had not been alleged as a defense in the affidavit. In *Nudleman v. Travelers Ins. Co.,* 84 Pa. Superior Ct. 589, a suit on an insurance policy providing benefits if an accident caused death within ninety days, it was decided that a directed verdict for defendant was proper where plaintiff's proofs showed that the accident occurred more than ninety days prior to the death, although this defense was not in the pleadings. A prior adjudication between the parties in *Walter v. Baldwin,* 126 Pa. Superior Ct. 589, 596, 193 A. 146, was not conclusive of their rights in a subsequent action because: "That [former] suit was not put in issue in the pleadings, which are assumed to fix the issues (Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468, 481, 116 A. 372) ; nor were the proceedings thereof introduced in evidence at the trial." "The defendant is now required to set forth in his affidavit of defense not only such matters as are sufficient to prevent judgment: Tilli v. Vandegrift, 18 Pa. Superior Ct. 485; but also every matter of defense upon which he intends to rely, *unless the defect appears as a material element in the plaintiffs' own case"*: *Stein & Samson v. Slomkowski,* 74 Pa. Superior Ct. 156, 160. (Italics supplied).

Judgment affirmed.