600 A.2d 978

**Joseph L. ROMAH, Appellant,**

**v.**

**Nicholas ROMAH and Vuono, LaVelle & Gray, a Partnership.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1991.

Filed Dec. 17, 1991.

Mark F. Bennett, Pittsburgh, for appellant.

Dennis J. Kusturiss, Pittsburgh, for appellees.

Before WIEAND, CIRILLO and MONTGOMERY, JJ.

CIRILLO, Judge:

This is an appeal from a final order of the Court of Common Pleas of Allegheny County sustaining preliminary objections in the nature of a demurrer, and dismissing plaintiff's complaint. We affirm.

Joseph L. Romah ("Joseph") and Nicholas Romah ("Nicholas") entered into a mortgage agreement in which Joseph was mortgagor and Nicholas was mortgagee. Joseph defaulted on the mortgage and on April 2, 1987, a confession of judgment was entered in favor of Nicholas.[1] The judg-

---

1. We note that this case does not fall within the line of cases that emanate from the legislature's imposition of a $50,000.00 limit on confessions of judgment for residential mortgages. *See* 41 P.S.

ment entered was for the principal amount of $62,000.00, interest of $611.51, and an attorney's fee of $6,200.00. The mortgage on which the confession of judgment was entered provided for interest and a reasonable attorney's fee upon Joseph's default. On November 28, 1989, Joseph paid Nicholas, under protest, the amount due pursuant to the confession of judgment.

Joseph filed the instant action on November 21, 1990, seeking damages on a contract theory from Nicholas and the law firm of Vuono, LaVelle & Gray ("Vuono"). The first count of the complaint against Nicholas alleged that Joseph was required to pay excessive interest in satisfaction of the confession of judgment. The second count purported that Joseph had to pay an excessive attorney's fee and sought recovery against both Nicholas and Vuono. Nicholas and Vuono filed preliminary objections arguing that the complaint failed to state a cause of action and that the complaint was barred by res judicata. The trial court sustained these preliminary objections and dismissed the complaint. This timely appeal followed. On appeal, Joseph contends that the complaint set forth proper causes of action against Vuono and Nicholas.

We cannot reach the merits of Joseph's appeal because the instant case is barred by res judicata. A brief review of the relevant case law addressing the viability of actions subsequent to a confession of judgment is in order at this point to illustrate the present state of the law in this area.

§§ 101, 407. Section 407 forbids a plaintiff from levying, garnishing or executing on a confession of judgment until the plaintiff files an appropriate action and proceeds to judgment against the defendant as in an original action. The confession of judgment then merges with the second judgment. *Id.* However, this section is concerned with residential mortgages which are defined in section 101 as mortgages up to $50,000.00 and concerning real estate with two or fewer dwelling units. 41 P.S. § 101. In the present case, the mortgage was in excess of the statutory limit and therefore the statute does not apply. Furthermore, the cases in which the residential mortgage have arisen primarily concerned the subsequent foreclosure on the mortgage or the execution on the confession of judgment. *See, e.g., Beckett v. Laux*, 395 Pa.Super. 563, 577 A.2d 1341 (1990). In this case, the confessed judgment was satisfied and then the second action was filed to correct problems resulting from the confession of judgment.

In *Nevling v. Commercial Credit Co.*, 156 Pa.Super. 31, 39 A.2d 266 (1944), this court addressed a case brought subsequent to a confession of judgment entered against Nevling. Prior to the second action but after the entry of the confession of judgment, Nevling unsuccessfully attempted to either strike off or open the judgment. *Id.*, 156 Pa.Superior Ct. at 34, 39 A.2d at 267. Instead of appealing the denials to open or strike, Nevling brought the second action after he had several writs of execution entered against him. *Id.* The court did not reach the merits of Nevling's claims as it found that res judicata barred such an inquiry. *Id.*, 156 Pa.Superior Ct. at 35, 39 A.2d at 267.

The *Nevling* court stated that in order for the doctrine of res judicata to apply, there must be a coalescence of (1) identity of the cause of action; (2) identity of the persons and parties to the action; (3) identity of the quality of the parties; and (4) identity of the thing sued upon. *Id.* (citations omitted). The court further held that "[w]hile the former opportunity to make defenses must have been at a hearing on the merits of the cause, proceedings on a petition to open judgment are sufficient for this purpose if the other elements of res [judicata] are present." *Id.* Finally, the court noted that the defenses raised in fact are immaterial to this inquiry as any defense raised or which might have been raised in the former suit are barred by res judicata in a subsequent proceeding between the same parties. *Id.*, 156 Pa.Superior Ct. at 35–36, 39 A.2d at 267. Thus, since Nevling should have reached the issues in the second suit by appeal in the first suit or raised them in his post-confession petitions, the court would not reach the merits of the case on grounds of res judicata.

In *Duquesne Light Co. v. Pittsburgh Railways Co.*, 413 Pa. 1, 194 A.2d 319 (1963), our supreme court held that, where a party had the opportunity to raise a potential defense to a confession of judgment but failed to do so in his first petition to open the judgment and then raised the issue in a second petition to open, the defense was barred by the doctrine of res judicata. In *Duquesne* the two

parties entered into a lease which provided that Duquesne Light Company ("Duquesne") would provide the Pittsburgh Railways Company ("Railways") with the substations and equipment necessary for conversion of electric power supplied by Duquesne. *Id.,* 413 Pa. at 2, 194 A.2d at 320. Duquesne confessed judgment against Railways for rent owing; however, Railways denied that it owed any rent and asserted that it, in fact, had overpaid rent. *Id.,* 413 Pa. at 3, 194 A.2d at 320. The parties submitted the dispute to a board of arbitrators to determine whether the judgment should be opened. *Id.* The arbitrators decided against opening the judgment on the merits of the case after Railways presented its argument as to the purpose of the agreement. *Id.,* 413 Pa. at 4, 194 A.2d at 320. On appeal, the court of common pleas affirmed the decision of the board of arbitrators. *Id.* Railways then brought a second petition before the common pleas court to open judgment on the grounds of illegality of the lease. The court dismissed this petition. *Id.*

On appeal our supreme court was asked to decide whether the defense of illegality could be raised in a second petition to open. Before making its ruling, the court noted that a final determination made by a court of competent jurisdiction settles both the defenses actually raised and those that could have been raised. *Id.,* 413 Pa. at 5, 194 A.2d at 321. The court, relying upon the doctrine of res judicata, concluded that "[t]he defense of illegality should have been raised in the first petition to open." *Id.* The court also rejected Railways' argument that it did not know of the illegality until after the common pleas court's decision on the first petition to open because Railways gave no reason for there to be such a delay in ascertaining this information. *Id.* The court concluded that the res judicata doctrine was designed to avoid the litigation of completely new issues after a case had been concluded. *Id.*

The United States Court of Appeals for the Third Circuit also addressed the issue in *Riverside Memorial Mausoleum, Inc. v. UMET Trust,* 581 F.2d 62 (3d Cir.1978). In *Riverside,* the first action, a confession of judgment, com-

menced in the state court and the second action, asserting in part defenses to the confession which could have been raised in the first action, arose in federal court. *Id.* at 64. The party against whom the confession of judgment was entered petitioned the state trial court to open the judgment and the trial court denied this petition. *Id.* In addressing the second case, the court of appeals discussed the rules relating to Pennsylvania's confession of judgment proceedings.

> After the confession, a defendant may petition to open or strike the judgment. Pennsylvania Rule of Civil Procedure 2959(a) provides that all grounds for relief "whether to strike off a judgment or to open it must be asserted in a single petition"; and under subsection (c), "a party waives all defenses and objections which he did not include in his petition or answer."

*Id.* at 67. The court further noted that if, in petitioning the court to open the judgment, the party seeking to open presents an issue for jury resolution, then the court must open the judgment and the issue must be presented to a jury. *Id.*

While the foregoing cases are all factually distinguishable from the case before us today, the principles are applicable despite the fact that Joseph never had his claims heard by the trial court. In each of the preceding cases the party against whom the confession of judgment was entered petitioned the court to open that judgment. Joseph, however, never filed such a petition. While this distinction is important, it does not resolve this dispute in Joseph's favor. We look to our rules of civil procedure to determine whether Joseph can proceed despite his failure to petition to open the judgment. Rule 2959 provides:

> (a) Relief from a judgment by confession *shall* be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition. . . .

\*       \*       \*       \*       \*       \*

(c) A party waives all defenses and objections which he does not include in his petition....

Pa.R.C.P. 2959(a), (c) (emphasis added).[2]

In the instant case Joseph seeks relief from allegedly unreasonable attorney's fees and interest that he paid on the mortgage. These items were all subject to disposition in the confession of judgment proceedings where the attorney's fees and interest were set as part of the judgment. Rule 2959(a) explicitly requires that the method for relief from confessions of judgment is through petition. Joseph had filed neither a petition to open nor a petition to strike off the judgment entered upon confession; instead, he brought this action approximately three years and eight months after the entry of the confession of judgment.

We will not permit such an end run around the rules of civil procedure to prevail. Joseph presents no reasons for the lengthy delay nor any statement addressing his failure to comport with the rules initially. *See Duquesne Light, supra.* Thus to argue that the case law is distinguishable would be meritless because Joseph's actions would merely circumvent the rules set forth by the supreme court regarding confessions of judgment. This result would clear the way for litigants to skirt the proper procedure and bring subsequent actions when the complete judicial process is provided for and scrupulously delineated in the rules.

We now turn to the issue of res judicata and its effect on this case. In the confession of judgment action, Nicholas sued Joseph for defaulting on the payments pursuant to the mortgage. The mortgage contained a clause authorizing the confession of judgment in the event of a default. The mortgage clause further authorized interest and a reasonable attorney's fee for the mortgage holder—Nicholas—in the event that the holder would have to file such an action. Joseph now contends that the amount of attorney's fees and

2. It is also worthy of mention that in *Riverside* and *Nevling* the petitions to open were denied and no judge or jury heard evidence on the defenses raised. This procedural posture is closer to the one in the present case, although not exactly on point.

interest confessed was unreasonable and imposed in an illegal manner. Simply stated, the two actions concern the confession of judgment regarding the mortgage. In the first case the monies in question were the mortgage principal, the interest and the attorney's fees. The second case seeks relief from an excessive attorney's fee and excessive interest.

Pursuant to *Nevling* we must consider the factors required to dispose of this case on the grounds of res judicata. First, the remedy for objections to confessions of judgment are provided for in Pa.R.C.P. 2959. The causes of action which Joseph raises in his complaint in the present case were all subject to resolution had he raised those claims during the confession of judgment proceedings by petition to open or strike off the judgment. "It is hornbook law that the final determination by a court of competent jurisdiction settles not only the defenses actually raised, but also those which might have been raised." *Duquesne*, 413 Pa. at 5, 194 A.2d at 321. *See also Nevling, supra; Riverside, supra.* Therefore, the causes of action are the same and the first elements of res judicata has been satisfied. Second, the parties to the instant action are identical. In the previous suit Nicholas sought to confess judgment against Joseph.[3] Third, there have been no allegations that the quality or capacity of the parties has changed since the confession action. Fourth, the thing sued upon in both actions is the mortgage, in particular the allowance for interest and a reasonable attorney's fee for the confession of judgment. Therefore, the *Nevling* requirements for application of the res judicata doctrine are present in this case.

Because Joseph failed to timely petition the trial court in the confession of judgment matter to open or strike off the judgment, he waived his rights to raise these issues. Pa. R.C.P. 2959(c). Simply raising these issues in a collateral

---

3. While Vuono is a party to the second suit, the addition of this party does not effect the consequences of the doctrine of res judicata with respect to Nicholas and Joseph.

proceeding will not avoid the effects of the earlier waiver and, thus, the present complaint against Nicholas is barred by res judicata. *See Duquesne Light, supra; Riverside, supra.*

Joseph also attempts to allege a cause of action against Vuono for charging an excessive attorney's fee. This claim is utterly devoid of merit. It has long been established that the attorney fee in a case such as this is awarded to and belongs to the mortgagee and not the law firm representing the mortgagee. *See, e.g., Foulke v. Hatfield Fair Grounds Bazaar, Inc.,* 196 Pa.Super. 155, 173 A.2d 703 (1961). Thus, the attorney fee in this case is the property of Nicholas and not Vuono. This claim is, therefore, also barred by res judicata as it should have been raised in a motion to open or strike after the confession of judgment. *Duquesne Light, supra; Riverside, supra.* We also note that the Vuono firm had no duties with respect to Joseph. Its duties run to its client Nicholas and not to the adverse party.

In this case, Joseph has waited almost four years to bring these issues to light. Both of these issues could have been raised in a prior proceeding. This situation is precisely the type against which the doctrine of res judicata was meant to protect. That is, res judicata was designed to preclude a party from raising new issues which could have been addressed at a prior proceeding, or raising matters which have been finally determined. We conclude, therefore, that Joseph's claims are barred by the doctrine of res judicata.

Order affirmed.