Jerry MAGEE, on Behalf of Himself
and all Others Similarly
Situated, Appellant,

v.

J.G. WENTWORTH & COMPANY,
INC., J.G. Wentworth SSC Limited
Partnership, J.G. Wentworth M.F.C.
Associates, L.P., J.G. Wentworth
Funding Corp., J.G. Wentworth Struc-
tured Settlement Funding Corpora-
tion, J.G. Wentworth Management
Company, Inc., SSC Management
Company, Inc., Appellees.

Superior Court of Pennsylvania.

Argued June 6, 2000.
Filed Oct. 13, 2000.

Michael S. Bloom, Philadelphia, for ap-
pellant.

Mark A. Aronchick, Philadelphia, for ap-
pellee.

BEFORE: JOHNSON, STEVENS and
BECK, JJ.

STEVENS, J.:

¶ 1 This appeal arises from the order of
the Court of Common Pleas of Philadel-
phia County that sustained Appellees'
Preliminary Objections and dismissed Ap-
pellant's Second Amended Class Action
Complaint. The issue presented on ap-
peal concerns the res judicata effect of a
confessed judgment, entered against Ap-
pellant in a previous action brought by
Appellees, upon a subsequent suit brought
by Appellant against Appellees. Finding
that Appellant's suit constituted an imper-
missible collateral attack on a confessed
judgment entered against him, we affirm
the trial court's order in question.

¶ 2 In December of 1995, Appellant Jer-
ry Magee of Mississippi settled a worker's
compensation claim against Erskins Tim-
ber Company for a 1991 logging accident
that left Mr. Magee permanently disabled.

The settlement award called for Mr. Magee to receive monthly payments of $ 600.00 from a lifetime annuity purchased by Erskins from American General Life Insurance Company, ("American General").

¶ 3 More than a year after funding of the annuity commenced, Mr. Magee opted to enter into a financial arrangement with Appellees J.G. Wentworth S.S.C. Limited Partnership, ("Wentworth"), whereby he assigned his rights to receive $400.00 per month of the annuity payments from September 5, 1997, through August 5, 2001, to Wentworth in exchange for a lump sum payment from Wentworth in the amount of $9,195.00. Mr. Magee retained his right to the remaining $200.00 per month payments from the annuity from American General.

¶ 4 There is no dispute that Mr. Magee received $9,195 from Wentworth under the terms of the parties' Purchase Agreement. Wentworth, however, never received the annuity payments because American General exercised an anti-assignment clause in its contract with Mr. Magee and suspended such payments altogether in contemplation of the lump sum received by Mr. Magee. Having received nothing in return for its payment to Mr. Magee, Wentworth initiated a confession of judgment proceeding against Mr. Magee in Pennsylvania pursuant to the parties' Purchase Agreement. On October 21, 1997, notice was sent to Mr. Magee advising him that judgment by confession was entered against him in the case *J.G. Wentworth SSC Limited Partnership v. Magee*, Oct. Term 1997, No. 1362 (Phila.C.P. Oct. 16, 1997).

¶ 5 No response from Mr. Magee was forthcoming until over a year later, when he brought his own action against Appellees seeking to represent a nationwide class of all persons who have entered into similar transactions with Appellees. Mr. Magee alleged in his Second Amended Complaint that the transaction in question was actually a loan, and not a sale of rights, that violated Pennsylvania's usury law and the federal Truth in Lending Act. He further alleged that the confession of judgment clause in the Purchase Agreement contravened Pennsylvania's Unfair Trade Practices and Consumer Protection Law. On the basis of such violations, Mr. Magee sought to open or strike the confessed judgment against him and demanded judgment against Appellees on behalf of both himself and all class members for damages, costs, and fees, along with any equitable and declaratory relief available.

¶ 6 Appellees filed preliminary objections averring, *inter alia*, that all of Mr. Magee's claims were barred by *res judicata* because Mr. Magee failed to bring a timely petition to open or strike the confessed judgment and because the class action suit constituted an impermissible collateral attack on the confessed judgment. The trial court agreed that Mr. Magee had failed to raise timely challenge to the confessed judgment when he filed no petition to open or strike within thirty (30) days of receiving notice of the judgment. Accordingly, the trial court granted Appellees' preliminary motion, and dismissed Mr. Magee's complaint.

¶ 7 Mr. Magee filed timely notice of the within appeal and filed his statement of matters complained of on appeal pursuant to court order. In turn, the trial court has supplemented the record with its opinion pursuant to Pa.R.A.P.1925(a). Mr. Magee argues herein that we should reverse the decision of the trial court and allow his litigation to proceed since the "confessed judgment against him was obtained in violation of Pennsylvania law(,)" Mr. Magee's Brief at p. 4, and should not bar the claims raised in the within action. In addressing his appeal against the order sustaining Appellees' preliminary objections, we first note our scope and standard of review:

Our standard of review mandates that on an appeal from an order sustaining preliminary objections which would result in the dismissal of suit, we accept as true all well-pleaded material facts set forth in the Appellant['s] complaint and

all reasonable inferences which may be drawn from those facts. This standard is equally applicable to our review of PO's in the nature of a demurrer. Where, as here, upholding sustained preliminary objections would result in the dismissal of an action, we may do so only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. We review for … an abuse of discretion or an error of law. This case was dismissed at the preliminary objections stage on issues of law; our scope of review is thus plenary.

*Ellenbogen v. PNC Bank N.A.*, 731 A.2d 175, 181 (Pa.Super.1999) (citations and footnote omitted).

■ ¶ 8 The trial court determined that Pa.R.C.P. 2959 permitted Appellant no recovery given Mr. Magee's failure to file timely a petition to open or strike judgment within thirty (30) days of judgment notice. The trial court, however, erroneously tied the promptness requirement of Rule 2959 to the judgment notice instead of to the execution notice. *See* 42 Pa. C.S.A. § 2959(a)(3) (as amended April 1, 1996) (stating "If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service"); *Thomas Associates v. GPI LTD., Inc.*, 711 A.2d 506 (Pa.Super.1998). "Therefore, under the revised rules, timely filing of the petition to strike and/or open means within thirty days from a notice of execution, which need not be timely at all." *Id.*

¶ 9 Nowhere in the record have Appellees established that they served Mr. Magee with notice of execution upon the confessed judgment. Under the Rules, therefore, the timeliness clock has not yet begun to run against Mr. Magee, nor shall it begin until Appellees serve the execution notice in accordance with Rule 2956.1. We thus find error with the trial court's determination that Mr. Magee was time-barred under the Rules from pressing his claim against the confessed judgment.

■ ¶ 10 Nonetheless, we find that Mr. Magee may not proceed with this action since the claims raised in support thereof were all subject to disposition in the confession of judgment proceedings but were not presented within the context of such proceedings through proper petition to open or strike off the judgment. We have previously so found in a similar case.

¶ 11 In *Romah v. Romah*, 411 Pa.Super. 12, 600 A.2d 978 (1991), a mortgagor defaulted on his mortgage and suffered a confessed judgment in favor of the mortgagee. The mortgagor filed a subsequent action against the mortgagee and the mortgagee's attorney in which he alleged that both the interest on the principal amount of the judgment and the attorney's fees required by virtue of the judgment were excessive. The trial court sustained preliminary objections that *res judicata* barred mortgagor's action, and we affirmed. Specifically, we held that *res judicata* applied where the mortgagor's claims could have been raised in confession of judgment proceedings through a petition to open or strike off the judgment entered upon confession but were, instead, raised in a new action.

¶ 12 In *Romah*, we noted that the Rules of Civil Procedure delineate the proceedings by which one may elect to challenge a confession of judgment. Specifically, Rule 2959 provides:

(a) Relief from a judgment by confession *shall* be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a *single* petition. …

\* \* \*

(b) If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After

being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule....

(c) A party waives all defenses and objections which are not included in the petition or answer....

Pa.R.C.P. 2959(a), (c) (emphasis added).

■ ¶ 13 Though, unlike in *Romah*, there is no evidence of record confirming that Appellant is time-barred from petitioning to open the judgment against him, Mr. Magee has nevertheless failed to file within the confessed judgment proceedings a single petition seeking relief from such judgment. Indeed, he has brought a different action presenting claims against the transaction between himself and Appellees[1] despite the fact that such claims could have been raised as defenses or counterclaims subject to disposition in the initial action. *See Del Turco v. Peoples Home Savings Assoc.*, 329 Pa.Super. 258, 478 A.2d 456 (1984), (relying on Restatement (Second) of Judgments § 22 to hold that *res judicata* precluded a defendant from· subsequently maintaining an action on a claim that could have been interposed as a counterclaim if litigation of the subsequent action's claims would operate to undermine the initial judgment or impair rights established in the initial action). We will not permit litigants to challenge judgments by confession through subsequent litigation when the Rules provide mandatory procedures that are to apply within the context of confessed judgment proceedings. Mr. Magee's chosen course of challenge to the judgment entered against him thus fails to comport with the carefully designed, compulsory judicial process expressed in Rule 2959, and we decline to allow it as a matter of law.

¶ 14 Accordingly, we affirm the order sustaining preliminary objections and dismissing the within action.

¶ 15 Affirmed.

---

1. As in *Romah*, we do not find that the addition of parties in the within case affects the consequences of the doctrine of *res judicata* with respect to Appellant Magee and Wentworth S.S.C. Moreover, we find no error with the trial court's dismissal of the within class action whose only named representative, Mr. Magee, was barred by *res judicata* and, thus, ineligible to represent the class. *See Brunda v. Home Insurance Co.*, 353 Pa.Super. 146, 509 A.2d 377 (1986) (holding that it was not error for trial court to decertify a class action where claim of only named representative plaintiff was barred by the statute of limitations).