J-S42031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WITSEN, BARBARA (BY DAVID WITSEN, HER SON, HER ATTORNEY-IN-FACT) | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : : : | |
| | : | |
| v. | : : | |
| | : | No. 635 EDA 2019 |
| | : | |
| MICHAEL WITSEN AND KELLY WITSEN | : : | |

Appeal from the Order Entered February 1, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2017-15923

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 13, 2019**

Barbara Witsen (Plaintiff), by her son and attorney-in-fact David Witsen, appeals from an order of the Court of Common Pleas of Montgomery County (trial court) granting summary judgment in a confession of judgment case in favor of Kelly Witsen (Defendant).  For the reasons set forth below, we affirm.

This case arises out of note executed in 2002 (the Note) in which Defendant and her then-husband, Michael Witsen, agreed to pay Defendant's father-in-law, William Witsen, $225,000 in 120 monthly installments, with the last payment due June 1, 2012.  Note, attached to Complaint for Confession of Judgment as Ex. D.  The Note stated that it was secured by identified real property in Horsham, Pennsylvania and that it "authorize[d] a judgment to be entered against [Michael Witsen and Defendant] **before default** and without

_____
*   Retired Senior Judge assigned to the Superior Court.

notice of the entry of the judgment." ***Id.*** at 1 (emphasis added). The Note also contained a confession of judgment that stated:

> [T]he promisors do herby [*sic*] empower any attorney of any court of record within the United States or elsewhere, to appear for him/her and after one or more declarations filed, confess judgment against the promisors **as of any term** for the above sum with costs of suit and attorney's fees . . . .

***Id.*** at 2 (emphasis added).

William Witsen passed away on June 23, 2015. On May 30, 2017, Plaintiff, William Witsen's widow, filed the instant complaint for confession of judgment against Defendant and Michael Witsen, who are now divorced, asserting that Plaintiff is the assignee and holder of the Note as William Witsen's sole heir under his will. On November 8, 2017, Plaintiff filed a praecipe for a writ of execution on the confessed judgment directing the sheriff to index the writ against Defendant and Michael Witsen as a lis pendens on the property referenced in the Note. Praecipe for Writ of Execution Upon a Confessed Judgment.

On March 20, 2018, Defendant filed a petition to strike or open the confessed judgment asserting that enforcement of the Note was barred by the statute of limitations, that Plaintiff lacked standing to enforce the Note, and that the confession of judgment in the Note was invalid.[1] Plaintiff in response

---

[1] Although Michael Witsen was a defendant in the action and the judgment was also entered against him, he did not seek to strike or open the confessed judgment and apparently does not contest its validity. Michael Witsen's Reply to Defendant's Motion to Consolidate ¶1. Michael Witsen's only appearance

disputed Defendant's grounds for striking or opening the judgment and argued that Defendant's petition was untimely under Pa.R.C.P. 2959(a)(3). On July 18, 2018, the trial court entered an order denying the petition to strike, but granting Defendant's petition to open the judgment. Trial Court Order, 7/18/18.[2]

On December 4, 2018, Defendant filed a motion for summary judgment seeking dismissal of Plaintiff's complaint on the ground, *inter alia*, that enforcement of the Note was barred by the four-year statute of limitations for contract actions, 42 Pa.C.S. § 5525, because the action was filed almost five years after the last payment was due under the Note. Plaintiff argued in response that the action was not time-barred because the Note was a negotiable instrument subject to a six-year statute of limitations, 13 Pa.C.S. § 3118(a). This motion was assigned to a different judge than the judge who had granted the petition to open the confessed judgment. On February 1, 2019, the trial court granted Defendant's motion for summary judgment and dismissed Plaintiff's complaint on the ground that the Note was nonnegotiable and that the action was therefore barred by the four-year contract statute of

_____

in this case consisted of opposing an unsuccessful motion filed by Defendant that sought to consolidate the confession of judgment with the divorce proceedings.

[2] The trial court did not state its reasons for granting the petition to open in its order, and the reasoning on which the order was based is not provided by the trial court's Pa.R.A.P. 1925(a) opinion, which was authored by a different judge.

limitations. Trial Court Order, 2/1/19; Trial Court Rule 1925(a) Opinion at 2-6. Plaintiff timely filed this appeal on March 1, 2019.

Plaintiff raises the following two issues in this appeal:

I. Whether confession of judgment clause failing to contain warrant to confess judgment "at any time" is a negotiable instrument subject to a six year statute of limitations.

II. Whether Defendant Kelly Witsen waived any statute of limitations by filing an untimely petition under Rule 2959(a)(3), without a [*sic*] 'compelling reasons for the delay'.

Appellant's Brief at 4 (unnecessary capitalization and material other than Plaintiff's issues omitted). Our standard of review of the trial court's grant of summary judgment is *de novo* and the scope of review is plenary. **Pyeritz v. Commonwealth**, 32 A.3d 687, 692 (Pa. 2011).

There is no dispute that Plaintiff's claims under the Note were time-barred unless the applicable statute of limitations is five years or longer. The Note provided that the last payment was due June 1, 2012. Note at 1. Where a note contains a date certain on which payment is due, the statute of limitations begins to run on that date. **Sovich v. Estate of Sovich**, 55 A.3d 1161, 1165 (Pa. Super. 2012). Plaintiff did not file this action until May 30, 2017, almost five years later.

If the Note was nonnegotiable, Plaintiff's right to enforce the Note is subject to a four-year statute of limitations. Section 5525(a) of the Judicial Code provides that

the following actions and proceedings must be commenced within four years:

* * *

(7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5525(a).[3] In contrast, actions to enforce notes that are negotiable instruments are subject to a six-year statute of limitations. 13 Pa.C.S. § 3102 (13 Pa.C.S. §§ 3101-3605 apply only to negotiable instruments); 13 Pa.C.S. § 3118(a) (providing that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date").

We conclude that the trial court correctly held that the Note was nonnegotiable and that Plaintiff's action was therefore barred by the four-year statute of limitations of 42 Pa.C.S. § 5525. The Note specifically states that it "authorizes a judgment to be entered … before default" and its confession

_____

[3] There is no claim that the Note was under seal or subject to 42 Pa.C.S. § 5529(b) (providing a 20-year statute of limitations for actions upon instruments in writing under seal).

- 5 -

of judgment clause authorizes confession of judgment against Defendant and Michael Witsen "as of any term." Note at 1 ¶2, at 2 Confession of Judgment. Pennsylvania law is clear that a note is nonnegotiable if it provides that judgment may be entered before default or that judgment may be entered "as of any term" or "at any time" without limiting that power to confessing judgment after payment is due. ***Funds for Business Growth, Inc. v. Woodland Marble & Tile Co.***, 278 A.2d 922, 923 n.* (Pa. 1971); ***Manor Building Corp. v. Manor Complex Associates, Ltd.***, 645 A.2d 843, 846 (Pa. Super. 1994); ***Wolgin v. Mickman***, 335 A.2d 824, 827 (Pa. Super. 1975); ***Cheltenham National Bank v. Snelling***, 326 A.2d 557, 559-60 (Pa. Super. 1974); ***Smith v. Lenchner***, 205 A.2d 626, 628-29 (Pa. Super. 1964). None of the cases argued by Plaintiff is to the contrary. Rather, those cases either involved notes that expressly permitted confession of judgment only after payment was due[4] or did not hold that the note in question was negotiable.[5]

Plaintiff's assertion that Defendant waived the statute of limitations is without merit. A defendant may waive a statute of limitations defense by

---

[4] ***Home Credit Co. v. Preston***, 99 Pa. Super. 457, 459 (1930); ***Green v. Dick & Shope***, 72 Pa. Super. 266, 269 (1919).

[5] ***Dollar Bank v. Northwood Cheese Co.***, 637 A.2d 309 (Pa. Super. 1994); ***Triangle Building Supplies & Lumber Co. v. Zerman***, 363 A.2d 1287 (Pa. Super. 1976); ***Bittner v. McGrath***, 142 A.2d 323 (Pa. Super. 1958); ***EFB Real Estate Investment LLC v. Chin***, 2016 Phila. Ct. Com. Pl. LEXIS 160 (No. CP-39-CR-2982-2014, filed June 28, 2016).

failure to include it in a pleading. ***Croyle v. Dellape***, 832 A.2d 466, 476 (Pa. Super. 2003); ***Werner v. Werner***, 573 A.2d 1119, 1121 (Pa. Super. 1990). A defendant may also be estopped from asserting the statute of limitations if he has made an affirmative misrepresentation or committed an affirmative act of concealment that caused the plaintiff's action to be untimely. ***Molineux v. Reed***, 532 A.2d 792, 794 (Pa. 1987); ***Lange v. Burd***, 800 A.2d 336, 339 (Pa. Super. 2002). Neither of these situations is present here, however. Defendant raised the statute of limitations in her first filing in this action, the petition to strike or open. Petition to Strike or Open Confessed Judgment ¶¶6-7. Any delay in filing that petition could not possibly have caused Plaintiff's failure to timely file an action on the Note, as Defendant's alleged delay was in 2017 and 2018, over a year after the statute of limitations had already expired.

To the extent that Plaintiff is contending instead that the trial court erred in granting Defendant's petition to open the confessed judgment, ***see*** Appellant's Brief at 2-3, 11-13,[6] that argument likewise fails. Rule 2959 of

_____

[6] A claim of error in the trial court's July 18, 2018 order opening the confessed judgment is encompassed by Plaintiff's appeal from the February 1, 2019 summary judgment because that latter order is the only final, appealable judgment in this case. A notice of appeal filed from the entry of a final order draws into question any prior non-final orders that produced the judgment. ***K.H. v. J.R.***, 826 A.2d 863, 871 (Pa. 2003); ***Scampone v. Grane Healthcare Co.***, 169 A.3d 600, 610 n.5 (Pa. Super. 2017). ***See also Commonwealth v. Walker***, 185 A.3d 969, 977 n.4 (Pa. 2018) (requirement

the Pennsylvania Rules of Civil Procedure sets forth the procedure for striking off or opening confessed judgments and provides:

> If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c) [governing execution on confessed judgments], the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.

Pa.R.C.P. 2959(a)(3). This deadline is mandatory and the court must deny a petition to strike or open after expiration of that 30-day period unless the defendant shows a compelling reason for his failure to timely seek relief or the confessed judgment is void. **Driscoll v. Arena**, ___ A.3d ___, ___, 2019 PA Super 190, *5, *7-*9 (Nos. 226 EDA 2017, 228 EDA 2017, 286 EDA 2017, filed June 17, 2019) (*en banc*). The fact that the confession of judgment was barred by the statute of limitations makes the judgment voidable, not void, and does not permit a court to grant an untimely petition to strike or open. **Id.** at *7-*9.

The 30-day deadline for filing a petition to strike or open a confessed judgment, however, does not run from the date that the judgment or writ of execution is filed or the date that the defendant has notice of the judgment or learns that the plaintiff is seeking to execute. **Magee v. J.G. Wentworth &**

---

of separate notices of appeal where multiple final orders are appealed "has no impact on the rule that a party need only file a single notice of appeal to secure review of all non-final orders that are rendered final and appealable by the entry of a final order").

***Co.***, 761 A.2d 159, 161 (Pa. Super. 2000); ***Thomas Associates Investigative & Consulting Services, Inc. v. GPI LTD., Inc.***, 711 A.2d 506, 509 (Pa. Super. 1998). Rather, it begins to run only when the defendant is served with written notice of execution. Pa.R.C.P. 2959(a)(3); ***Magee***, 761 A.2d at 161; ***Thomas Associates Investigative & Consulting Services, Inc.***, 711 A.2d at 509. Absent evidence in the record that the defendant was served with a notice of execution and of the date of such service, a court cannot find that a petition to strike or open a confessed judgment is barred by Rule 2959(a)(3). ***Magee***, 761 A.2d at 161 (lower court erred in finding that appellant was time-barred from challenging confessed judgment because "[n]owhere in the record have Appellees established that they served [appellant] with notice of execution upon the confessed judgment" and "therefore, the timeliness clock has not yet begun to run").

Here, the record shows that Plaintiff filed a praecipe for a writ of execution on November 8, 2017, not that it was served on Defendant or the date that notice of execution was served. ***Compare Driscoll***, at *5 (noting that the plaintiff "filed writs of execution and served written notice in accord with Rule 2959(a)(3) on June 29, 2016," more than 30 days before defendants filed their petitions to strike). No affidavit of service, proof of service, or

docket entry showing service of a notice of execution appears anywhere in the record and Plaintiff in her brief does not cite to any such evidence of service.[7]

Rather, Plaintiff cites only to paragraph 3 of Defendant's petition to strike or open as the basis for her contention that Defendant was served with the notice of execution on November 8, 2017. Appellant's Brief at 11. In that paragraph Defendant states that "a Writ of Execution was issued on November 8, 2017 while the divorcing couple was selling their marital residence" and that "[i]t was only then learned that the Complaint in Confession of Judgment had been filed earlier on May 30, 2017." Petition to Strike or Open Confessed Judgment ¶3. These statements only admit notice that Plaintiff was seeking to execute on the judgment, not that Defendant was served on that date. The fact that Defendant became aware of the writ of execution does not require the conclusion that this information was obtained by service. The praecipe for a writ of execution directed the sheriff to index the writ as a lis pendens on the marital residence, and Defendant could have learned of the writ from the

_____

[7] While Plaintiff made allegations in her answer to the Defendant's petition to strike or open that "[o]n November 8, 2017, written notice was served upon [Defendant] pursuant to PA. Rule 2956.1(c)(2) and/or Pa. Rule 2973.1(c)," Reply to Petition to Open/Strike Confessed Judgment ¶¶3, 18, Plaintiff attached no documentation of the alleged service. Moreover, Plaintiff did not endorse the answer with a notice to plead. Defendant's failure to respond to those allegations therefore cannot constitute an admission. *Cooper v. Church of St. Benedict*, 954 A.2d 1216, 1221 (Pa. Super. 2008); *McCormick v. Allegheny General Hospital*, 527 A.2d 1028, 1032 (Pa. Super. 1987).

property records or by oral notification, rather than by receipt of the written notice that triggers the 30-day deadline under Rule 2959(a)(3).

Because the trial court did not err in holding that Plaintiff's action was barred by the statute of limitations and Plaintiff has not shown that the trial court erred in granting Defendant's petition to open the confessed judgment, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/19