J-S05004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL J. KING, EXECUTOR OF THE ESTATE OF JAMES E. KING | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KRISTOPHER PAUL HOCHENDONER | : | |
| | : | No. 781 WDA 2023 |
| Appellant | : | |

Appeal from the Order Entered June 7, 2023
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s):  No. 536 of 2022

BEFORE:  PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: March 26, 2024**

Kristopher Paul Hochendoner brings this appeal from the order denying his petition to set aside sheriff's sale in this confession of judgment action initiated by Michael J. King, Executor of the Estate of James E. King. Upon careful review, we affirm.

On October 12, 2020, Hochendoner secured a $90,000.00 loan from King. The purpose of the loan was to assist Hochendoner in the purchase of commercial real property from King, which contained a one-story building used as a restaurant. The note executed by Hochendoner contains a five-paragraph confession of judgment provision. In addition, on October 12, 2020, Hochendoner also executed a separate disclosure for confession of judgment. After execution of the note, King conveyed the property to Hochendoner.

Due to Hochendoner's default for failure to make monthly payments under the terms of the note, King filed a complaint in confession of judgment on February 16, 2022. The complaint indicated that, as of January 30, 2022, the amount due and owing by Hochendoner was $89,855.26, plus interest at the default rate, costs, and attorney's fees. On February 16, 2022, the Westmoreland County Prothonotary entered judgment in favor of King and sent notice of the entry of judgment to Hochendoner.

On September 12, 2022, King filed a writ of execution and notice of judgment of execution. On November 10, 2022, a process server/constable personally served Hochendoner with notice of judgment and execution and of the scheduled sheriff's sale. In addition, the Westmoreland County Sheriff posted notice of the sheriff's sale on the front door or the property on November 15, 2022.

On January 3, 2023, the sheriff sold the property to King for costs and taxes. Hochendoner filed a petition to set aside the sheriff sale on January 24, 2023. The trial court entered an order directing King to show cause why relief should not be granted and setting a hearing date. King filed a timely answer. On June 7, 2023, the trial court received oral argument and denied Hochendoner's petition to set aside the sheriff's sale. This timely appeal followed. Both Hochendoner and the trial court complied with Pa.R.A.P. 1925.

In his sole issue, Hochendoner argues that he was not given proper notice and was denied due process. **See** Appellant's Brief, at 11-12. He

contends that King failed to provide him with a default notice prior to seeking confession of judgment. *See id*. at 12. Hochendoner posits that "[t]he failure to serve [him] notice deprives [the] court of personal and subject matter jurisdiction and any subsequent execution should be set aside." *Id*.

Generally, we observe that Pennsylvania Rule of Civil Procedure 3132 governs petitions to set aside sheriff's sales, and provides as follows:

> Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132.

Our Supreme Court has long held that petitions to set aside sheriff's sale are governed by equitable principles. *See Doherty v. Adal Corp.*, 261 A.2d 311, 313 (Pa. 1970). Equitable principles are applied to sheriff's sales because "[t]he purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor." *Kaib v. Smith*, 684 A.2d 630, 632 (Pa. Super. 1996). Moreover, we are mindful that the petitioner has the burden of proving circumstances warranting the exercise of the trial court's equitable powers. *See Bornman v. Gordon*, 527 A.2d 109, 111 (Pa. Super. 1987). As a general rule, the burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the insufficiency of proof to

support the material allegations of the application, which are generally required to be established by clear evidence. *See id*. This Court will not reverse the trial court's decision absent an abuse of discretion. *See id*. An abuse of discretion occurs where, for example, the trial court misapplies the law. *See Bank of America, N.A. v. Estate of Hood*, 47 A.3d 1208, 1211 (Pa. Super. 2012).

We are mindful that Pa.R.C.P. 2959 provides, in part, that "[r]elief from a judgment by confession shall be sought by petition," and "all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition." Pa.R.C.P. 2959(a)(1). If written notice of the entry of the confession of judgment is sent to the defendant, the petition to open or strike must be filed within thirty days of the entry of the judgment.[1] *See* Pa.R.C.P. 2959(a)(3). "A party waives all defenses and objections which are not included in the petition or answer." Pa.R.C.P. 2959(c).

Here, regarding the confession of judgment, the trial court observed, "Pa.R.C.P. states that the action is commence by filing a complaint that conforms with Pa.R.C.P. 2952. [King's] complaint did conform with this rule. As a result, the Westmoreland County Prothonotary's Office was required to

---

[1] We note our courts have held the thirty-day deadline for filing a petition to strike or open a confessed judgment does not run from the date that the judgment or writ of execution is filed. *See Magee v. J.G. Wentworth & Co.*, 761 A.2d 159, 161 (Pa. Super. 2000). Rather, it begins to run when the defendant is served with written notice of execution. *See* Pa.R.C.P. 2959(a)(3); *Magee*, 761 A.2d at 161.

'enter judgment in conformity with the confession.' Pa.R.C.P. 2956." Trial Court Opinion, 8/17/23, at 2-3. Concerning notice to Hochendoner, the trial court further explained, "As to the Complaint to Confess Judgment, the rules do not set forth a notice requirement [prior to filing of the complaint or entry of judgment], except for loans that are more than twenty years old, which this loan was not." *Id*. at 3. The court then expounded, "unlike in regular civil actions, the rules do not allow a plaintiff to attach to the complaint a notice to defend or a notice to plead, and a responsive pleading is not required. Pa.R.C.P. 2952(b)." *Id*. The trial court correctly noted that "[o]nce judgment is entered, the Prothonotary's Office must then give notice of entry of judgment pursuant to Pa.R.C.P. 236, which was done in this case and evidenced by a document signed by Gina O. Barto of the Westmoreland County Protonotary's Office." *Id.*

Our review reflects the trial court accurately summarized the state of the certified record before us. King commenced this action with the filing of a complaint in confession of judgment on February 16, 2022, in compliance with Rule 2952. *See* Complaint, 2/16/22. Attached to the complaint was a copy of the note executed by Hochendoner. *See id*. at Exhibit A. In addition, King attached a disclosure for confession of judgment, which was executed by Hochendoner the same day as the note and also bears his initials at the end of multiple paragraphs. *See id*. at Exhibit B. Finally, attached to the complaint is a "notice of order, decree or judgment," which is dated February 16, 2022,

addressed to Hochendoner, and signed by the Westmoreland County Prothonotary. *See id*.

The record also establishes that on September 12, 2022, King filed a praecipe for writ of execution upon the confession of judgment in the form of a sheriff's sale of the real property. *See* Praecipe, 9/12/22. Attached to the praecipe and dated September 12, 2022, is a notice of judgment and execution addressed to Hochendoner and alerting him that a sheriff's sale has been scheduled for January 3, 2023. *See id*. Importantly, the record contains a notarized affidavit of service reflecting that a process server/constable personally served Hochendoner with a notice of execution of the judgment and sheriff's sale on November 10, 2023, at 6:23 p.m. *See* Affidavit of Service, 11/21/23, at 2.

Accordingly, because written notice of the entry of the confession of judgment was sent to Hochendoner by the prothonotary and notice of execution of the confession of judgment and scheduled sheriff's sale was personally delivered to Hochendoner, a petition to open or strike the confession of judgment needed to be filed within thirty days. *See* Pa.R.C.P. 2959(a)(3). Nevertheless, the record reflects, and it is undisputed that, Hochendoner never filed a petition to open or strike. Having failed to do so, Hochendoner has waived all defenses and objections to the confession of judgment. *See* Pa.R.C.P. 2959(c). Therefore, Hochendoner cannot now attack

the propriety of the confession of judgment, and we conclude that his issue is waived.

Even if we were to address Hochendoner's allegation that "[n]owhere in the [c]omplaint does it state that notice of default was sent [and therefore, King] has no authority to confess judgment," Appellant's Brief at 12, we would conclude the claim lacks merit. As mentioned above, our Rules of Civil Procedure do not set forth a notice requirement. **See** Pa.R.C.P. 2952.

Moreover, to the extent Hochendoner relies upon language in the note executed by the parties suggesting written notice of a default would portend a confession of judgment, we agree with the trial court's conclusion that additional provisions in the note and the disclosure signed by the parties supports the determination that Hochendoner waived any right to prior notice. As the trial court aptly stated, "[Hochendoner] knew he signed a note with a confession of judgment clause and a separate disclosure addressing a confession of judgment, both of which waived all forms of notice."[2] Trial Court

_____

[2] Paragraph 9 of the note, titled "Confession of Judgment," contains five paragraphs, in bold capital letters. The first sentence acknowledges an agreement between the parties that "[Hochendoner] unconditionally waives any and all rights [he] has or may have to prior notice[.]" Complaint, 2/16/22, Exhibit A, at ¶ 9 (full capitalization removed). The disclosure of confession of judgment contains the following language, also in capital lettering, expressing Hochendoner's acquiescence to confession of judgment upon default without prior notice:

> [HOCHENDONER] UNDERSTANDS THAT THE NOTE CONTAINS A
> CONFESSION OF JUDGMENT PROVISION THAT WOULD PERMIT

*(Footnote Continued Next Page)*

Opinion, 8/17/23, at 4. We agree with the trial court's conclusion that Hochendoner's claim lacks merit and discern no abuse of discretion by the trial court in denying the request to set aside the sheriff's sale.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

3/26/2024

---

[KING] TO ENTER A JOINT AND SEVERAL JUDGMENT AGAINST [HOCHENDONER] IN COURT, AFTER A DEFAULT ON THE NOTE, WITHOUT ADVANCE NOTICE TO [HOCHENDONER] AND WITHOUT OFFERING [HOCHENDONER] AN OPPORTUNITY TO DEFEND AGAINST THE ENTRY OF JUDGMENT.

*Id*., Exhibit B, at ¶ A (capitalization in original).

- 8 -