539 A.2d 383

Sam IORFIDA, Margaret Pellicia, Grace Mullen, William Rinaldi, Mary Ann Rinaldi, Theresa Rossi, Nicholas Rossi, Eugene C. Donnelly, Cheryl C. Donnelly, Vincent J. Gross, Eugene J. Cameli, Mariane C. Cameli, Leo C. Moran, Mary Ellen Moran, Peter Ridolfi, John Ridolfi, Donald D. Barnhart, Margaret M. Barnhart, Joseph E. Stella, Clare Stella, Recolus Yaniello, Evelyn A. Yaniello, Alba Matteuci Sebastianelli, Donald R. Taroli, Alfonso Zangardi, Mirella Pega, Martin L. Vitcosky, Daisy Vitcosky, Joseph M. Tierney, Helen C. Tierney, Theresa Chiavacci, Daniel Rosencrance, Jeanette Charge, Margaret Rowan, Lucy Valenti, Samuel Pagliamete, Catherine Pagliamete, James A. Pisano, Jr., Mary C. Pisano, Barbara Rose Zangardi, Appellants,

v.

MARY ROBERT REALTY COMPANY, INC., Michael G. Lefchak, Josephine Lefchak, Salvatore J. Sperrazza and Doris Sperrazza, Appellees.

Superior Court of Pennsylvania.

Argued Jan. 22, 1988.

Filed March 16, 1988.

Paul A. Barrett, Scranton, for appellants.

Arthur L. Piccone, Wilkes–Barre, for appellees.

Before CIRILLO, President Judge, and McEWEN and HOFFMAN, JJ.

CIRILLO, President Judge:

This is an appeal from a final decree of the Court of Common Pleas of Luzerne County disposing of the parties' exceptions to the decree nisi and making final its denial of the injunctive relief requested by appellants.

Appellants brought an action in equity seeking to enjoin appellees Lefchak and Sperrazza from continuing to obstruct and interfere with appellants' easement over an alleyway traversing the rear portions of their adjoining properties and an order requiring the removal of fences

located there.[1] Appellants claimed, and the court found, an implied easement appurtenant by reference to two maps: one made by Pennsylvania Coal Company, their common source of title, and referred to in their deeds of conveyance, and the other an unrecorded subdivision map, both showing the unnamed alley in question. In appellees' new matter was this paragraph, numbered forty-four, which is crucial to disposition of this appeal:

> That the alley way in question has in fact been blocked for a period of over 46 years, by virtue of the existence of a garage, an ice cream store being located upon the alley way in question, and thereafter being blocked by fences and prior to both of those blockages, by being normally unpassable because of debris, rocks, trees and other fauna [sic] located thereon and as a result thereof, since this condition has existed in excess of 46 years, the Plaintiffs are guilty of laches and therefore are denied any right to proceed either at law or in equity.

After a hearing at which conflicting testimony as to the extent of use of the alley was presented, the chancellor found *inter alia* that, since the Stellas, two of the appellants in this action, had acted to block the alleyway to a material extent for a minimum of ten years and the alleyway now showed no evidence of vehicular travel, the easement had been abandoned.

The opinion of the chancellor rendered in conjunction with the issuance of the decree nisi does not address the issue of laches, which was specifically raised in appellees' paragraph forty-four, but deals strictly with the existence of the easement and the finding of abandonment. Based on the duration of a blockage by two appellants (the Stellas had a garage and ice cream store which at least partially encroached on the easement until approximately 1979 when it

1. Appellants sought to enjoin defendant Mary Robert Realty Company, Inc. from conveying any interest in the alley. This defendant had conveyed to the other defendants, by quitclaim deed, the portions of the alley which appellants asserted included their easement. Mary Robert Realty did not enter an appearance in the action and did not answer the complaint. Appellants asked for and received judgment against this defendant, who is not a party to this appeal.

was demolished) and the acquiescence of the remaining appellants in this blockage, as evidenced by their failure to avail themselves of legal action to oppose such usage on the part of the Stellas, the chancellor found that the easement had been abandoned. Similarly, his opinion explaining the issuance of the final decree adds only that, by permitting the growth of underbrush in the alley, the appellants other than the Stellas actively manifested their intent to abandon the easement and that there was no merit to appellants' contention that the defense of abandonment was waived by appellees' failure to include it in their new matter, as a plea of abandonment can be found in appellees' paragraph forty-four. Based on his finding of abandonment he denied the requested relief. This timely appeal followed.

Appellants raise two issues on appeal: (1) that the chancellor erred in determining that appellees raised the defense of abandonment in paragraph forty-four of their new matter and that, therefore, the defense of abandonment was waived and was not a proper basis for the chancellor's determination; and, alternatively, (2) that the evidence presented was legally insufficient to support a finding of abandonment as to appellants other than the Stellas.

■ Our scope of review in equity matters is limited to determining whether the conclusion reached by the chancellor can reasonably be drawn from the evidence, whether an error of law was committed, or whether the findings are demonstrably capricious. *District Council 33, AFSCME v. City of Philadelphia*, 354 Pa.Super. 176, 511 A.2d 818 (1986).

■ Appellants' first argument charges an error of law, namely that the chancellor erred in allowing the defense of abandonment as it was waived by appellees' failure to plead it in their new matter. It is fundamental that this court will not consider on appeal questions which were not raised by the pleadings. 16 Standard Pennsylvania Practice § 87:1 (1983). Where, however, the parties and the court have treated such questions as having been raised, we may do likewise. *Williams v. Philadelphia Transp. Co.*, 219 Pa.

Super. 134, 280 A.2d 612 (1971). The record indicates that both parties proceeded, and the court made its decision, on the theory of abandonment. Therefore, we will first address the issue of whether the chancellor was correct in deciding that the defense of abandonment was not waived.

In addressing this issue, raised by appellants' exceptions to the decree nisi, the chancellor found that paragraph forty-four contained a plea of abandonment "despite the absence of the precise word 'abandonment'." Appellants argue that the paragraph in question, which, according to Pa.R.C.P. 1022 should as nearly as practicable have contained only one material allegation, clearly raises only the defense of laches and, further, that "reference ... to unattributed blockages of the right of way are legally insufficient to give rise to a plea of abandonment." We must first decide whether abandonment is an affirmative defense which, if not raised in new matter, is waived, and then, if it is such a defense, whether appellees averred sufficient facts in their new matter to constitute a plea of abandonment.

 Appellants correctly point out that affirmative defenses (with exceptions not applicable here) not raised in new matter in accordance with Pa.R.C.P. 1030 are waived pursuant to Pa.R.C.P. 1032. Rule 1030 lists but does not limit what is includable as new matter. In essence, new matter is anything other than a denial, setoff, or counterclaim. Anderson, Pennsylvania Civil Practice § 1030.4 (1969). Abandonment, although not specifically enumerated in Rule 1030, is such a waivable affirmative defense and Rule 1030 should be construed to include it. Until now Pennsylvania case law has not addressed this point directly, but other jurisdictions have stated what we now clarify for this Commonwealth: in the context of easement actions, abandonment is an affirmative defense. *Kauble v. Cooley,* No. 86AP–822 (Ohio Ct.App. Nov. 5, 1987) [Available on WESTLAW, 1987 WL 19562]; *Consolidated Rail Corp. v. MASP Equip. Corp.,* 67 N.Y.2d 35, 490 N.E.2d 514, 499 N.Y.S.2d 647 (1986); *San Jacinto Sand Co. v. Southwestern Bell,* 426 S.W.2d 338 (Tex.Civ.App.1968), *cert. denied,*

393 U.S. 1027, 89 S.Ct. 622, 21 L.Ed.2d 570 (1969); *Dawson v. McKinnon*, 226 Iowa 756, 285 N.W. 258 (1939). Like its cousins estoppel and adverse possession, the defense of abandonment is of a nature essential to the material issues in this type of action. Therefore, if appellees did not raise the defense of abandonment in their new matter, it was waived.

 There is no necessity to name the defense asserted so long as facts sufficient to constitute the defense are pled. Pa.R.C.P. 1019(a). To raise the defense of abandonment, appellees would have to have pled facts which, if proven, would establish the clear intention, both for the present and the future, of all of the dominant owners to abandon the easement and unequivocal affirmative action on their parts on the ground, inconsistent with the further assertion of any rights under the easement, evidencing relinquishment of its possession or use. *Philadelphia Music Academy v. Academy House*, 345 Pa.Super. 436, 498 A.2d 902 (1985); *Sabados v. Kiraly*, 258 Pa.Super. 532, 393 A.2d 486 (1978); *Accord Hatcher v. Chesner*, 422 Pa. 138, 221 A.2d 305 (1966). While providing some evidence of intent to abandon, mere non-use of or failure to maintain an easement, conduct of a servient owner in obstructing the right of way in which a dominant owner acquiesces and/or the duration of any of these are insufficient alone to prove abandonment.

 Paragraph forty-four of appellees' new matter refers to various blockages and evidence of neglect without attribution to any dominant owner, instead focusing on the duration of the alleged un-usability of the claimed easement, and then states a conclusion of law: that the action is barred by the appellants' laches. No other paragraph in appellees' new matter specifically or inferentially pleads abandonment. While we recognize that failure to plead an affirmative defense is a defect which cannot be ignored under the guise of liberal interpretation, we find that appellees' paragraph forty-four is susceptible of the inference that the facts alleged therein, if proven, could establish abandonment. Appellees did not specifically attribute ac-

tion to any of the named plaintiffs; however, with thirty-nine plaintiffs it would have been tedious at best to do so. It can be fairly inferred that the blockages referred to were attributable to some or all of the named plaintiffs, individual activities to be developed through discovery. Appellees also failed to aver intent to abandon. This allegation would have been a legal conclusion, however, and facts tending to show intent were pled. Therefore, the chancellor did not abuse his discretion in finding that the defense had not been waived. We note that, even if we had been able to sustain appellants on this argument, we would be unable to reverse the finding of abandonment on the ground that all evidence of that defense was improperly before the chancellor since appellants themselves introduced testimony at the hearing as to facts on which the defense could be based, thereby opening the door for appellees to establish the defense they allegedly failed to plead. *Nevling v. Commercial Credit Co.*, 156 Pa.Super. 31, 39 A.2d 266 (1944). Further, the court has the discretion to amend the pleadings at any time to conform to the proof offered. Pa.R.C.P. 1033; *Sheppard v. First Pennsylvania Banking & Trust Co.*, 199 Pa.Super. 190, 184 A.2d 309 (1962). Therefore, had paragraph forty-four not constituted a plea of abandonment, the chancellor could have, based on the evidence presented, amended the pleadings to include abandonment as a defense.

We turn now to appellants' second argument concerning the sufficiency of the factual basis for the chancellor's finding of abandonment on the part of appellants other than the Stellas. As the chancellor correctly noted, to sustain a finding of abandonment there must be clear evidence of affirmative conduct on the part of a dominant owner indicating his or her intent to permanently relinquish the easement. The chancellor's opinion relies on the existence of the Stellas' building on part of the alleyway between 1945 and approximately 1979; the failure of other owners of the easement to take legal action to object to its existence; the appellees' placing of pegs, and later fences, on a portion of the easement; the lack of evidence of

current vehicular traffic; and, appellants' acquiescence in allowing trees, rocks, and other debris to occupy portions of the easement, which he found to be affirmative conduct rather than inaction. Appellants argue that the facts as found by the chancellor are legally insufficient to establish abandonment. We agree.

It appears that the chancellor's reasoning centered on the viability of passage over and through the alley in question. The record contains conflicting testimony as to the use and passability of the alleyway over time and the chancellor as fact finder was free to determine such issues of credibility. Had the easement been one created for a special purpose, evidence of the fulfillment or impossibility of fulfillment of that purpose would be relevant to its extinguishment. However, the passability of the alley is not the primary consideration here as this was not an easement specific to vehicular traffic. Arising by implication by reference to maps in deeds of conveyance, the rights of the dominant owners can be extinguished only on a showing of affirmative conduct or physical obstruction on their parts which is inconsistent with its further enjoyment. *Sabados*, 258 Pa.Super. at 535, 393 A.2d at 487. It is fundamental that mere nonuse of an easement, no matter how long continued, does not manifest an intent to abandon it; an owner of an easement appurtenant to land is not required to use it in order to maintain ownership of it. *Hatcher*, 422 Pa. at 140, 221 A.2d at 307; *Philadelphia Music Academy*, 345 Pa.Super. at 448, 498 A.2d at 908. As this court stated in *Sabados*, "mere nonuse is but the exercise of ownership, not its surrender." *Id.* 258 Pa.Super. at 539, 393 A.2d at 489. Therefore, whether or not appellants had in the past or could presently traverse the alley other than on foot was irrelevant to a finding of abandonment.

The chancellor also pointed to the trees, rocks and other debris which appellants had "permitted" to obstruct the easement. It was his finding that this constituted the requisite affirmative conduct evidencing their intent to per-

manently abandon the easement. We find this court's holding in *Sabados* to be dispositive of this issue:

> allowing brush and saplings to grow on a right-of-way area ... is not an act of active or affirmative character; instead, the growth results from merely doing nothing. These circumstances do not involve an affirmative act or placement of a physical obstruction or barrier, as is legally required for abandonment of a granted right-of-way.

*Id.*, 258 Pa.Superior Ct. at 536, 393 A.2d at 488.

■ The chancellor also cited appellants' acquiescence in the existence of the Stellas' building in the alleyway. Testimony at the hearing indicated that the building did not prevent use of the alley since it was possible to use adjacent vacant land to go around the building. Appellants argue that because this encroachment did not obstruct the use of the easement to a material extent, the building's existence can not be viewed as evidence of an intent on the part of appellants other than the Stellas to abandon the easement. The chancellor, however, determined that the fact that a detour was available was irrelevant to his finding that the alleyway itself, the subject of the easement, was blocked to a material extent. While evidence of acquiescence in the adverse acts of other dominant owners can be relevant to the issue of intent to abandon, requiring a dominant owner to legally complain on pain of extinguishment of his easement rights is repugnant. Forfeiture of possessory rights is "an abhorrence and greatly disfavored." *Sabados*, 258 Pa.Super. at 539, 393 A.2d at 489 (citing *Hatcher*, 422 Pa. at 142, 221 A.2d at 308). Further, acts of acquiescence cannot, by definition, be affirmative acts, nor can the affirmative acts of one dominant owner be attributed to others who merely stood by. Therefore, the inaction of appellants in opposing the Stellas' building is irrelevant to a determination of abandonment.

■ In order for appellees to maintain their fences it must be found that *all* appellants have abandoned their easement rights as the right to traverse the alley is appur-

tenant to each parcel. Because the evidence is not legally sufficient to sustain a finding of abandonment on the part of appellants other than the Stellas, we must reverse the decree of the the hearing court and remand for an appropriate decree consistent with this opinion. Jurisdiction is relinquished.