J-A25032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-ABL MORTGAGE PASS-THROUGH CERTIFICATES, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCIS KILSON, | |
| Appellant | No. 683 EDA 2014 |

Appeal from the Order Entered January 9, 2014
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: March Term 2012 No. 2129

BEFORE: DONOHUE, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED NOVEMBER 07, 2014**

Appellant, Francis Kilson, appeals *pro se* from the trial court order granting Appellee, HSBC Bank USA National Association as Trustee for Deutsche Alt-B Securities Mortgage Loan Trust, Series 2007-Ab1[1] Mortgage Pass-Through Certificates', Motion for Summary Judgment. We affirm.

We take the following facts and procedural history from the trial court's April 10, 2014 opinion:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The caption incorrectly identifies the mortgage loan trust as Series 2007-ABL, instead of as Series 2007-Ab1.

The instant action is a mortgage foreclosure. On May 23, 2006, as consideration for a loan, [Appellant] executed and delivered to American Brokers Conduit a promissory note in the amount of $150,000.00. That note was secured by a mortgage on property owned by Appellant and located in Philadelphia, Pennsylvania, in favor of MERS as nominee for American Brokers Conduit. That mortgage was thereafter assigned to Appellee, who commenced the underlying foreclosure action on March 19, 2012. The [c]omplaint alleges that Appellant is in default under the terms of the note and mortgage for failure to make payments since October 2011.

On June 29, 2012, the [c]ourt . . . entered an [o]rder, finding that Appellant had failed to appear at a conciliation conference scheduled for the previous day and permitting Appellee to proceed with default judgment. Thereafter, Appellee filed a default judgment by praecipe.

On September 18, 2012, Appellant, *pro se*, filed a [p]etition to [o]pen [d]efault [j]udgment[.] . . . On October 22, 2012, the [trial] [c]ourt granted Appellant's [p]etition and opened the default judgment.

On October 25, 2012, Appellant filed an [a]nswer to the [c]omplaint. Appellant's [a]nswer contains general denials to the allegations in the [c]omplaint. Appellant denies taking out the loan, executing the mortgage, and being in default[,] averring that he has no specific knowledge thereof. There is no new matter.

On November 14, 2013, Appellee filed its [m]otion for [s]ummary [j]udgment. In its motion, Appellee avers that it is the holder of the note and mortgage, that Appellant defaulted on the loan, and that prior to commencing this suit, it sent a pre-foreclosure notice, as required by Act 6, to Appellant via certified and regular mail. Most importantly, the [m]otion for [s]ummary [j]udgment avers that, by way of general denials, Appellant effectively admitted all of the material averments contained in the [c]omplaint, namely that Appellant executed the mortgage and subsequently defaulted on the note and the mortgage.

Appellant filed an [a]nswer to the [m]otion for [s]ummary [j]udgment, in which Appellant raise[d] the following issues: whether Appellee is the real party in interest; whether Appellee

- 2 -

is the holder of the note upon which judgment is sought; whether the affidavit in support of the [m]otion for [s]ummary [j]udgment is sufficient; whether *per diem* interest charges on [the] loan have been correctly calculated; failure to issue proper Act 6 Notice or equivalent; Appellee violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.A. § 2601, *et seq*; and that Appellant has attempted to render a payment.

Upon reviewing the [m]otion for [s]ummary [j]udgment as contested, the [c]ourt granted the motion, finding that Appellant waived all of the issues raised in his [a]nswer to the [m]otion for [s]ummary [j]udgment by not including them in his [a]nswer to the [c]omplaint. On January 31, 201[4], Appellant filed a [m]otion for [r]econsideration of the January 9, 2014 [order], which the [c]ourt denied.

On February 10, 2014, Appellant filed the instant [timely] appeal. That same day, [the trial] [c]ourt ordered Appellant to file of record a [c]oncise [s]tatement of [errors] [c]omplained of on appeal pursuant to Pa.R.A.P. 1925(b) . . . . On February 25, 2014, Appellant timely filed a [Rule] 1925(b) [s]tatement[. **See** Pa.R.A.P. 1925(b).] [The trial court filed a Rule 1925(a) opinion on April 10, 2014. **See** Pa.R.A.P. 1925(a).]

(Trial Court Opinion, 4/10/14, at 1-4 (record citations and some italics omitted).[2]

---

[2] Appellant's brief fails to include a statement of questions involved. (**See** Appellant's Brief, at 1-18). "The statement of the questions involved must state concisely the issues to be resolved[.]" Pa.R.A.P. 2116(a). As a general rule, no point will be considered which is not set forth in the statement of questions involved. **See Commonwealth v. Roman**, 714 A.2d 440, 441 n.4 (Pa. Super. 1998), *appeal denied*, 729 A.2d 1128 (Pa. 1998); **see also** Pa.R.A.P. 2116(a). However, because this error does not preclude our meaningful appellate review of the trial court's order granting summary judgment, we will not find waiver on this basis. **See Savoy v. Savoy**, 641 A.2d 596, 598 (Pa. Super. 1994) (addressing appellant's issues in spite of failure to include a statement of questions involved where procedural error did not impede Superior Court review).

Appellant makes three arguments[3] challenging the court's grant of summary judgment. (*See* Appellant's Brief, at 10-18). Specifically, he claims that the court erred in granting summary judgment because "Appellee is not a real party in interest" and therefore lacks standing; the "affidavit of [Appellee] [is] insufficient;" and Appellee committed a "violation of RESPA." (*Id.* at 10, 12, 16 (some capitalization omitted)).

Our scope and standard of review of Appellant's challenge to the trial court's grant of summary judgment is well-settled:

> We review an order granting summary judgment for an abuse of discretion. Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. No. 1035.3.
>
> The holder of a mortgage has the right, upon default, to bring a foreclosure action. The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

*Bank of America, N.A. v. Gibson*, ____ A.3d ____, 2014 WL 4923106 *1-*2 (Pa. Super. filed Oct. 2, 2014) (case citations omitted).

---

[3] Appellant raises four issues in his argument section; however his second claim merely is a reiteration of the first, that Appellee allegedly lacks standing. (*See* Appellant's Brief, at 12-14).

We first observe that the trial court granted Appellee's motion for summary judgment, in part, on the basis that "Appellant's general denials regarding the mortgage being in default were deemed admissions." (Trial Ct. Op., at 5). Viewing the record in the light most favorable to Appellant, we conclude that the court properly exercised its discretion. *See Bank of America*, *supra* at *1.

Pursuant to Pennsylvania Rule of Civil Procedure 1035.3(a), where a party files a motion for summary judgment:

> the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying
>
> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
>
> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa.R.C.P. 1035.3(a).

Additionally, Rule 1029 provides, in pertinent part, that: "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission." Pa.R.C.P. 1029(b). "Furthermore, in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as

to the principal and interest owing [on the mortgage] must be considered an admission of those facts." **Bank of America**, **supra** at *3 (citation omitted). Thus, "[i]n actions for *in rem* foreclosure due to the defendant's failure to pay a debt, summary judgment is proper where the defendant admits that he had failed to make the payments due and fails to sustain a cognizable defense to the plaintiff's claim." **Gateway Towers Condominium Ass'n. v. Krohn**, 845 A.2d 855, 858 (Pa. Super. 2004) (citation omitted).

In this case, Appellant's answer to the complaint contains only general denials of the complaint's averments regarding both his default and the amount due on the mortgage. (**See** Complaint in Mortgage Foreclosure, 3/19/12, at 3 ¶¶ 8, 9; Appellant's Answer to Complaint in Mortgage Foreclosure, 10/25/12, at unnumbered page 2 ¶¶ 8, 9). Appellant did not assert any new matter raising a cognizable affirmative defense. (**See** Appellant's Answer to Complaint in Mortgage Foreclosure, 10/25/12, at unnumbered pages 1-2). Therefore, the trial court properly found that Appellant admitted all material facts of the complaint. **See Bank of America**, **supra** at *1-*3; **Gateway**, **supra** at 858.

Additionally, we conclude that the trial court's grant of summary judgment on the basis that Appellant's issues, raised in his response to the motion for summary judgment, and reiterated in this appeal, which allege "potential defenses to Appellee's foreclosure action," are waived and would

lack merit.  (Trial Ct. Op., at 7; **see also** Memorandum of Law in Opposition to [Appellee's] to Motion for Summary Judgment, 12/16/13, at 5-10; Appellant's Brief, at 10-17).

Pennsylvania Rule of Civil Procedure 1030 provides that "all affirmative defenses . . . shall be pleaded in a responsive pleading under the heading 'New Matter'."  Pa.R.C.P. 1030(a).  Rule 1032 states, in pertinent part, that:

> A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim, the defenses of failure to exercise or exhaust a statutory remedy and an adequate remedy at law and any other nonwaivable defense or objection.

Pa.R.C.P. 1032(a); **see also Iorfida v. Mary Robert Realty Co., Inc.**, 539 A.2d 383, 386-87 (Pa. Super. 1988), 549 A.2d 136 (Pa. 1988) (observing that "[i]n essence, new matter is anything other than a denial, setoff, or counterclaim. . . . Therefore, if [Appellant] did not raise the defense . . . in [his] new matter, it was waived.") (citation omitted).

In this case, Appellant's answer to the complaint did not contain new matter.  (**See** Appellant's Answer to Complaint in Mortgage Foreclosure, 10/25/12, at 1-2).  Therefore, because the defenses raised in his response to the motion for summary judgment and in his appellate brief should have been raised as affirmative defenses, **see** Pa.R.C.P. 1030(a), the trial court properly found that they are waived.  **See** Pa.R.C.P. 1032(a); **Iorfida**,

***supra*** at 386-87; ***see also Bank of America***, ***supra*** at *1-*3; ***Gateway***,

***supra*** at 858.

Moreover, our review of the record supports the court's findings that:

. . . [W]aiver notwithstanding, . . . these issues are without merit. Appellant did not plead any fact to support them. First Appellee filed copies of the note, the mortgage, and the assignment of the mortgage to Appellee. Appellant did not provide any factual support for his assertion that Appellee lacked standing to prosecute the instant action. . . . Appellant failed to allege any facts to establish that Appellee violated RESPA. Also, Appellant failed to state why such a violation would preclude judgment in favor of Appellee. . . . Therefore, Appellant failed to raise a cognizable defense to mortgage foreclosure."

[Additionally,] Appellant's assertion that [] Appellee's [a]ffidavit[4] . . . is insufficient is without merit. Again, Appellant fails to state precisely how or why the affidavit is not sufficient. Appellant cites numerous cases, none of which are from Pennsylvania or appear to interpret Pennsylvania law, but never states what he believes is wrong with Appellee's affidavit.

(Trial Ct. Op., at 7-8).

Accordingly, we conclude that the trial court properly granted summary judgment in Appellee's favor where Appellant admitted all material facts of the complaint and failed to raise a cognizable defense. ***See Iorfida***,

---

[4] We observe that the court identified the affidavit at issue as being the one attached to Appellee's motion for summary judgment. (***See id.*** at 8). However, Appellant's brief fails to identify exactly which affidavit he is questioning, and his Rule 1925(b) statement challenges whether the "affidavit is sufficient for this mortgage loan." (Rule 1925(b) Statement, at unnumbered page 2 ¶ 3; ***see*** Appellant's Brief, at 15-16;). Regardless of which affidavit Appellant is contesting, the court properly found that this argument not only was waived, but Appellant also failed to raise a meritorious defense.

*supra* at 386-87; *see also Bank of America*, *supra* at \*1-\*3; *Gateway*, *supra* at 858.

Accordingly, we affirm the trial court's order granting summary judgment in favor of Appellee in this mortgage foreclosure action.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/7/2014