J-A02015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EMC MORTGAGE, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| UNKNOWN HEIRS, SUCCESSORS, ASSIGNS, AND ALL PERSONS, FIRMS OR ASSOCIATIONS CLAIMING RIGHT, TITLE OR INTEREST FROM OR UNDER HELEN A. BROLLEY, DECEASED, AND JAMES M. BROLLEY, (REAL OWNER) | |
| | No. 1031 MDA 2015 |
| APPEAL OF: JAMES M. BROLLEY | |

Appeal from the Judgment Entered July 23, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No: 2012-02985

BEFORE:  PANELLA, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 16, 2016**

Appellant James M. Brolley appeals from the July 23, 2015 judgment entered in the Court of Common Pleas of Luzerne County ("trial court") in favor of Appellee EMC Mortgage, LLC ("EMC").  Upon review, we vacate and remand.

The facts and procedural history underlying this case are undisputed. On March 12, 2012, EMC filed a mortgage foreclosure complaint against Appellant, requesting judgment against him for $108,160.50.  Appellant

---

[*] Former Justice specially assigned to the Superior Court.

answered *pro se*, claiming that EMC's complaint should be dismissed based on a prior judgment entered on September 9, 2010. ***See*** Appellant's Answer, 5/17/12 ("[A] legal judgment has already been rendered in this matter by Judge Peter Paul Olszewski."); ***see also*** Appellant's Reply to EMC's Summary Judgment Motion, 7/1/2013, at Exhibit C. Approximately one year after Appellant's *pro se* answer, on April 22, 2013, EMC filed a praecipe to vacate and discontinue the prior judgment entered at docket number 2007-08805. EMC thereafter filed two summary judgment motions in the matter *sub judice*, which the trial court denied. The case proceeded to a bench trial, at the conclusion of which judgment was entered in favor of EMC. Appellant timely appealed to this Court. In his Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant asserted, *inter alia*, that the trial court erred in failing to consider the affirmative defenses of collateral estoppel and *res judicata*, which Appellant claimed he properly raised in his *pro se* answer to the March 12, 2012 complaint. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, rejecting Appellant's assertion based on its conclusion that Appellant waived the affirmative defenses as he failed to plead them under the heading "New Matter" as required by Pa.R.C.P. No. 1030(a).

On appeal, Appellant once again argues that the trial court erred in failing to consider the affirmative defenses of collateral estoppel and *res judicata*. We agree.

Our standard of review is settled:

Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue . . . concerns a question of law, our scope of review is plenary.

The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

*Stephan v. Waldron Elec. Heating & Cooling LLC*, 100 A.3d 660, 664-65 (Pa. Super. 2014) (citation omitted). Instantly, the trial court's application of Rule 1030 presents a question of law. *Boatin v. Miller*, 955 A.2d 424, 427 (Pa. Super. 2008) (citation omitted).

With the foregoing in mind, it is well-established that our rules of civil procedure are to be construed liberally. *Green Acres Rehab. & Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1272 (Pa. Super. 2015); *see* Pa.R.C.P. No. 126 ("The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable.").

Here, our review of the record reveals that Appellant indeed pled the affirmative defenses of collateral estoppel and *res judicata* in his *pro se* answer to the March 12, 2012 complaint. We recognize Appellant did not use the terms "collateral estoppel," or "*res judicata*," but he certainly alleged sufficient facts to establish such affirmative defenses. As noted earlier, in his *pro se* answer, Appellant put EMC on notice by asserting "a legal

- 3 -

judgment has already been rendered in this matter by Judge Peter Paul Olszewski." Appellant's Answer, 5/17/12. There is no need to name an affirmative defense "if facts sufficient to constitute the defense are pled." *Iorfida v. Mary Robert Realty Co.*, 539 A.2d 383, 397 (Pa. Super. 1988) (finding that a single paragraph of defendant's new matter sufficiently raised abandonment as an affirmative defense); *accord Vill. of Four Seasons Ass'n, Inc. v. Elk Mountain Ski Resort, Inc.*, 103 A.3d 814, 821 (Pa. Super. 2014), *appeal denied*, 125 A.3d 778 (Pa. 2015). Thus, the trial court erred in failing to construe liberally Appellant's *pro se* answer to include the affirmative defenses of collateral estoppel and *res judicata* where Appellant alleged that a prior judgment controlled the disposition of the claims asserted against him in the March 12, 2012 complaint. As a result, we are constrained to vacate the trial court's judgment in favor of EMC and remand this matter to the trial court for consideration on the merits of Appellant's affirmative defenses.[1]

---

[1] We note that EMC filed a praecipe to vacate and discontinue the prior judgment almost 12 months after Appellant's filing of his answer in the matter *sub judicie* and almost 2½ years after the prior judgment was entered. Relying on the praecipe, EMC argues that Appellant's affirmative defenses fail as a matter of law. We disagree. EMC cites no legal authority, and our extensive research reveals none, that would support the filing of a praecipe to vacate a prior judgment after another action that may relate to the merits of the prior judgment was initiated. Regardless, we express no opinion on the merits of Appellant's affirmative defenses of collateral estoppel and *res judicata*.

Judgment vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/16/2016