J-S25034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EVANGELINE KOUTROULELIS, VASILIA HRONAS AND CHRISTOPHER M. CHARYSOVERGIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MICHAEL J. CHELENTIS A/K/A MICHAEL J. CHENLENTIS, | : | |
| Appellant | : | No. 2054 MDA 2018 |

Appeal from the Order Entered November 26, 2018
in the Court of Common Pleas of Lycoming County
Civil Division at No(s): 17-0883

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: JULY 25, 2019**

In this quiet title action, Michael J. Chelentis ("Chelentis"), a/k/a Michael J. Chenlentis, appeals from the Order granting the Motion for judgment on the pleadings filed by Evangeline Koutroulelis, Vasilia Hronas, and Christopher M. Charysovergia (collectively "Plaintiffs"). We affirm.

In its Opinion and Order granting Plaintiffs' Motion for judgment on the pleadings, the trial court set forth the relevant facts and procedural history, which we incorporate as though fully stated herein. *See* Trial Court Opinion and Order, 11/26/18, at 1-5.

At the close of its Opinion and Order, the trial court found that Chelentis had failed to properly plead the mental incapacity of Hariklia Hiras (hereinafter "Mrs. Hiras"), Chelentis's grandmother, to execute a legally enforceable power

of attorney ("POA") agreement in September 1991, and thus entry of judgment on the pleadings is proper:

> [Chelentis] has failed to **properly** plead the incapacity of M[r]s. Hiras. Pennsylvania Rule of Civil Procedure 1030 requires that affirmative defenses be pled in a responsive pleading under the heading of "New Matter." Pa.R.C.P. 1030(a) [(providing, in relevant part, that "all affirmative defenses … *shall* be pleaded in a responsive pleading under the heading of 'New Matter.' A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading." (emphasis added))[1]]. If the affirmative defense [(with exceptions not applicable here)] is not raised as New Matter, then it is *waived*. Pa.R.C.P. 1032[(a)]; *see also Iorfida v. Mary Robert Realty Co.*, 539 A.2d 383, 386 (Pa. Super. 1988)[; *Bender's Floor Covering Co. v. Gardner*, 564 A.2d 518, 521 (Pa. Super. 1989) (stating that "affirmative defenses are *compulsory* and therefore must be timely pleaded or they are forever lost." (emphasis in original))]. While Rule 1030 does not enumerate incapacity as an affirmative defense, the list is *not exhaustive* – new matter has been described as "anything other than a denial, setoff, or counterclaim." *Iorfida*, 539 A.2d at 386. Here, [Chelentis] included the allegation of incapacity with a few denials in his Answer.[2] [Chelentis] failed to raise any affirmative defenses under the heading of "New Matter," or allege sufficient facts to support his claim that M[r]s. Hiras'[s] [alleged] dementia resulted in her incapacity.[3] Hence, Plaintiffs were not allowed the

---

[1] Additionally, this Court has stated that "[t]he purpose of new matter pleading is to compel a plaintiff to answer the defendant's affirmative defenses during the pleading stage to avoid an unnecessary trial." *Enoch v. Food Fair Stores, Inc.*, 331 A.2d 912, 914 (Pa. Super. 1974) (citation and quotation omitted).

[2] Particularly, Chelentis alleged that Mrs. Hiras was suffering from dementia or incapacity at the time that she executed the POA to her son, George M. Hiras ("George"), in September 1991.

[3] In this regard, we note that affirmative defenses must be read *in pari materia* with Pa.R.C.P. 1019(a), and "[a]verments in a new matter must be as detailed and specific as the averments in a complaint." 3 *Goodrich Amram* 2d § 1030(a)(2).

opportunity to respond properly through the pleading process. If [Chelentis] had pled sufficient information as New Matter, then the [] [M]otion [for judgment on the pleadings] would likely be premature. However, as there is no properly[-]pled dispute regarding the recording priority in this matter, [*i.e.*, concerning the recording order of the respective deeds to the real property at issue in this litigation, 280 Woodland Avenue, Williamsport, Pennsylvania ("the Property"),] Plaintiffs are entitled to judgment on the pleadings.

Trial Court Opinion and Order, 11/26/18, at 7-8 (footnotes and italicized emphasis added; bold emphasis in original; footnote citations moved to body).

Chelentis filed a timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Chelentis now presents the following issues for our review:

I. WHETHER THE TRIAL COURT ERRED WHEN IT FAILED TO ACCEPT AS TRUE THE FACTS THAT MRS. [] HIRAS WAS SUFFERING FROM DEMENTIA OR INCAPACITY AT THE TIME THAT SHE SIGNED THE [POA] GRANTING GEORGE … THE RIGHT TO CONVEY THE PROPERTY FROM MRS. HIRAS TO HIMSELF AND HIS BROTHERS[?]

II. WHETHER THE TRIAL COURT ERRED WHEN IT FOUND THAT [CHELENTIS] NEEDED TO PLEAD THE ALLEGATION OF MRS. HIRAS'S INCAPACITY AS AN AFFIRMATIVE DEFENSE UNDER NEW MATTER IN ORDER TO ACCEPT THAT FACTUAL ALLEGATION AS TRUE AND WELL[-]PLE[]D?

III. WHETHER THE TRIAL COURT ERRED WHEN IT FOUND THAT A FACTUAL ALLEGATION ALLEGING INCAPACITY MUST BE PLE[]D AS AN AFFIRMATIVE DEFENSE UNDER PA.R.C.P. 1030 IN ORDER TO BE ACCEPTED AS TRUE AND WELL[-]PLE[]D[?]

IV. WHETHER THE TRIAL COURT ERRED IN GRANTING [] PLAINTIFF[S'] MOTION FOR JUDGMENT ON THE PLEADINGS[?]

Brief for Appellant at 5. We will address these issues together due to their relatedness.

The standard we apply when reviewing the grant of a motion for judgment on the pleadings is as follows:

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.
>
> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well[-]pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Kote v. Bank of N.Y. Mellon*, 169 A.3d 1103, 1107 (Pa. Super. 2017) (citation omitted).

Here, Chelentis argues that the trial court incorrectly failed to accept as true the well-pled averment in his Answer concerning Mrs. Hiras's mental incapacity, which was sufficient to have created a disputed issue of material fact, so as to make judgment on the pleadings improper. Brief for Appellant at 11; *see also id.* at 12 (asserting that "[t]he May 20, 1993 deed [executed

by Mrs. Hiras to George and his brothers] would be void if it were found by the judge or jury that … [Mrs.] Hiras did not have capacity at the time that she signed the [POA to George] in September 1991.").  Chelentis further contends that the trial court erred in determining that he needed to plead the issue of Mrs. Hiras's mental incapacity, a purported affirmative defense under Pa.R.C.P. 1030, in new matter, or the issue is waived.  **See id.** at 12-15.

It is undisputed that Rule 1030 does not specifically enumerate incapacity as an affirmative defense; however, the Rule clearly indicates that the enumerated list of defenses is not exhaustive.  **See** Pa.R.C.P. 1030(a). "An affirmative defense is distinguished from a denial of facts which make up the plaintiff's cause of action[,] in that a defense will require the averment of facts extrinsic to the plaintiff's claim for relief."  **Falcione v. Cornell Sch. Dist**., 557 A.2d 425, 428 (Pa. Super. 1989) (citing **Lewis v. Spitler**, 403 A.2d 994 (Pa. Super. 1979)).

In this case, Chelentis's averment of Mrs. Hiras's alleged mental incapacity, in September 1991, is more than a mere denial of fact, and required him to prove facts extrinsic to Plaintiffs' quiet title cause of action, which are unrelated to Mrs. Hiras's capacity to contract.  **See Falcione**, **supra**.  In light of the recording order of the respective deeds to the Property

(**see** Trial Court Opinion and Order, 11/27/18, at 2, 5, and 6),[4] Plaintiffs' quiet title cause of action was complete without reference to Chelentis's averments of Mrs. Hiras's incapacity.  **See Lewis**, 403 A.2d at 998 (where defendant in a contract action introduced at trial – but failed to allege same in his pleadings – evidence of his oral agreement with plaintiff as well as a down payment made by defendant, holding that "plaintiff's cause of action was complete without reference to [defendant's oral] agreement to purchase from the estate and his $1,000 down payment.  Those averments tend to avoid, rather than destroy, plaintiff's cause of action.  As such, those averments constituted an affirmative defense[,] which was waived by the defendant [] for failure to plead it as new matter.").  Therefore, we conclude that the trial court did not err in determining that the allegation of Mrs. Hiras's incapacity constituted an affirmative defense, which Chelentis waived for his failure to "properly plead" it as new matter.  **See** Pa.R.C.P. 1030(a) and 1032(a); **see also, e.g., Falcione**, 557 A.2d at 428 (rescission, though not specifically enumerated in Pa.R.C.P. 1030, is an affirmative defense that is waived if not pled in new matter); **Iorfida**, 539 A.2d at 386-87 (abandonment, though not enumerated, is an affirmative defense in an easement action); **Lezzer Cash**

---

[4] Therein, the trial court noted that (1) the deed to the Property that Mrs. Hiras gave to George and his brothers was recorded on May 25, 1993, and George's POA was recorded on the same day; (2) Chelentis's mother, acting as purported POA for Mrs. Hiras, recorded her deed to the Property on June 14, 1993, twenty days after the recording of the deed to George and his brothers; and (3) Pennsylvania is a "race-notice" jurisdiction.

*& Carry, Inc. v. Aetna Ins. Co.,* 537 A.2d 857, 859 n.2 (Pa. Super. 1988) (payment, though not enumerated, is an affirmative defense to an action against surety to recover costs of materials supplied for a housing construction project); *accord Hous. Auth. of the City of Pittsburgh v. Green,* 552 A.2d 748, 749, 750 (Pa. Cmwlth. 1989) (landlord's failure to comply with federal regulations, though not enumerated, was an affirmative defense to an ejectment action). To have permitted Chelentis to proceed to trial on his improperly-pled, bald allegation of Mrs. Hiras's incapacity in 1991[5] would have been a fruitless exercise. *See Kote*, *supra*.

Accordingly, we affirm the trial court's Order granting Plaintiffs' Motion for judgment on the pleadings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2019

---

[5] In this regard, we note Plaintiffs' emphasizing the fact that Chelentis alleged Mrs. Hiras's incapacity, for the first time in his Answer, over *26 years* after Mrs. Hiras executed the September 1991 POA to George. *See* Brief for Plaintiffs at 11; *see also id.* at 17 (quoting *Williams v. McCarroll*, 97 A.2d 14, 19 (Pa. 1953), and stating that "where mental capacity is at issue, the real question is the condition … at the very time [s]he executed the [POA].").

G. Stapp

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

EVANGELINE KOUTROULELIS,
VASILIA HRONAS, and CHRISTOPHER M.
CHARYSOVERGIA,

    Plaintiffs,

  vs.

MICHEAL J. CHELENTIS a/k/a
MICHAEL J. CHENLENTIS,

    Defendant.

    : NO. 17 - 0883

    : CIVIL ACTION

    : *Motion for Judgment*
    : *on the Pleadings*

## OPINION AND ORDER

Presently before the Court is Plaintiffs Evangeline Koutroulelis ("Plaintiff Koutroulelis"), Vasilia Hronas ("Plaintiff Hronas"), and Christopher Charysovergia's ("Plaintiff Charysovergia") (collectively "Plaintiffs") *Motion for Judgment on the Pleadings* ("Plaintiffs' Motion"). After briefing was completed, a hearing was held on November 2, 2018. The Court reserved decision. This is the Court's Opinion and Order on Plaintiffs' Motion.

*Facts & Procedure*

The present dispute concerns title to real property located at 280 Woodland Avenue, Williamsport, PA 17701 (the "Property").[1] On June 12, 2017, Plaintiffs filed a Complaint against Defendant Micheal Chelentis ("Defendant") seeking a declaration that they are the sole and rightful owners of the Property, and an order directing the

---

[1] Plaintiff's Complaint, ¶5. Plaintiffs' supportive exhibits are attached to the Complaint; however, the order appears to have been disturbed.

Page 2A

EXHIBIT
A

Lycoming County Office of Recorder of Deeds to invalidate and nullify Defendant's May 10, 1993 deed and May 5, 1995 deed.[2] Plaintiffs aver the following in their Complaint:

1) On September 4, 1991, George M. Hiras as Power of Attorney ("POA") for Hariklia Hiras, also known as Helen Hiras ("Ms. Hiras"), now deceased, is appointed.[3]

2) Unbeknownst to Plaintiff Koutroulelis, by Deed dated May 10, 1993, Mary Chelentis (hereinafter "Ms. Chelentis"), alleging to be POA for Ms. Hiras, deeded the property to herself.[4]

3) By deed dated May 20, 1993, Ms. Hiras conveys title of the Property to Plaintiff Koutroulelis' brothers: Michael Hiras, Harry Hiras, and George Hiras ("the brothers").[5]

4) On May 25, 1993, the brothers' May 20, 1993 Deed is recorded.[6]

5) On June 14, 1993, Ms. Chelentis' May 10, 1993 Deed is recorded.[7]

6) On November 23, 1993, Ms. Chelentis' POA is recorded.[8]

7) By deed dated May 5, 1995, Ms. Chelentis conveys her interest to her son, Defendant.[9] This deed was recorded the same day.[10]

---

[2] Id.
[3] Id., ¶9.
[4] Id., ¶¶15-16, Ex. H (5/10/93 deed). Plaintiffs aver that Ms. Chelentis' Power of Attorney ("POA") was dated May 10, 1993, but was not recorded until November 1993. Id., ¶¶16, 18. Plaintiffs further allege that her POA was called into question by statements in George M. Hiras' POA, which explained that Ms. Hiras' dementia had advanced to such a stage in May of 1993 that "she would not have understood the document or anything that she would have been asked to sign in that time frame." Id., ¶17, Ex. I.
[5] Id., ¶8, Ex. D. This deed was executed by George M. Hiras as POA; the POA was also recorded on May 20, 1993. Id., ¶9.
[6] Id., ¶8.
[7] Id., ¶15.
[8] Id., ¶16.
[9] Id., ¶19, Ex. F.
[10] Id. Plaintiffs aver that the actual conveyance from Ms. Chelentis to the Defendant did not occur until sometime after March 13, 1996. Id., ¶20, Ex. C.

2

8) By deed dated February 12, 1996, Plaintiff Koutroulelis was conveyed title to the Property.[11] This deed was conveyed to her by a settlement agreement whereby the settling parties agreed that she would receive title to the Property in exchange for the care of her mother who had originally owned the Property.[12] In accordance with the settlement agreement, Plaintiff Koutroulelis executed a quit claim deed which noted that the Property would be returned to her brothers in the event she did not honor her obligations under the agreement.[13]

9) On March 13, 1996, Plaintiff Koutroulelis' February 12, 1996 Deed is recorded.[14]

10) By deed dated March 11, 1998, Plaintiffs Hronas and Charysovergia, as well as Ignatios John Koutroulelis, were conveyed title to the Property as joint tenants with rights of survivorship subject to a life estate in Plaintiff Koutroulelis; the deed was recorded the same day.[15]

Plaintiff Koutroulelis claims that she has, with the consent of the other Plaintiffs, been attempting to sell her interest in the Property, but the cloud on her title created by the deeds of Ms. Chelentis is preventing such a sale.[16] Indeed, she claims that she has already lost a "potential sale" because of this cloud.[17] Plaintiffs claim that because Pennsylvania is a race-notice jurisdiction, the recording of George M. Hiras' POA on

---

[11] *Id.*, ¶7, Ex. B.
[12] *Id.*, ¶11, Ex. E.
[13] *Id.*, ¶12, Ex. B. Plaintiffs allege that the prior quit claim deed was returned to Plaintiff Koutroulelis marked void. *Id.*, Ex. G.
[14] Plaintiff's Compliant, ¶7, Ex. C.
[15] *Id.*, ¶6, Ex. A. Plaintiffs Hronas and Charysovergia's rights under the deed are based on the passing of Ignatious John Koutroulelis. *Id.*, ¶6.
[16] *Id.*, ¶¶21-22.
[17] *Id.*, ¶23.

3

May 20, 1993 and the brothers' recording of their May 20, 1993 deed on May 25, 1993 control. Therefore, the chain of title resulting from the May 20, 1993 deed favor Plaintiffs' claims in the present case.[18]

On November 3, 2017, Defendant filed an *Answer* denying Plaintiffs' substantive allegations.[19] In his response to paragraph nine (9), Defendant denies Plaintiffs' claims regarding the May 20, 1993 deed.[20] Defendant asserts that he denied the allegations because George Hiras' POA was invalid due to it not possessing "sufficient language to empower Mr. George Hiras to make a gift of real estate to a limited class of donees such as himself and his two brothers.[21] In the same response, Defendant also claims that Ms. Hiras was "suffering from dementia as early as late 1980s; thereby calling into question any execution of a [POA] in 1991."[22] In paragraph seventeen (17) of his Answer, Defendant admits that Ms. Chelentis' POA was signed on May 10, 1993, notarized on May 18, 1993, and recorded on November 23, 1993.[23] However, in the same paragraph, he denies Plaintiffs' remaining assertions, claiming that Ms. Kiras was suffering from dementia at that time.[24] In his response to paragraph twenty-four (24) in Plaintiffs' Complaint, Defendant also claims that George Hiras' POA was invalid "because the language in the [POA] from Hariklia M. Harris a/k/a Helen M. Hiras to George M. Hiars on September 4, 1991 did not contain sufficiently specific language to show Ms. Helen M. Hiras' intent to empower Goerge M. Hiras to make a gift of real

---

[18] Alternatively, Plaintiff Koutroulelis alleges she has resided at the Property continuously since February 12, 1993, paying all costs associated with upkeep and taxes, and, thus, has title by adverse possession. *Id.*, ¶¶ 14, 28.
[19] *See generally* Defendant's Answer.
[20] Defendant's Answer, ¶9.
[21] *Id.*
[22] *Id.*
[23] *Id.*, ¶17.
[24] *Id.*

4

estate to limited class of donees, namely George M. Hiras, Michael M. Hiras and Harry M. Hiras."[25] Defendant also reiterated in response to paragraph twenty-four (24) that Ms. Hiras' granting of the POA was invalid due to her "suffering from dementia."[26] Defendant also raised the claim of Ms. Hiras' alleged dementia in his response to paragraph thirty (30) in Plaintiffs' Complaint. Defendant did not raise any affirmative defenses under the heading of "New Matter."

On July 3, 2018, Plaintiffs filed the instant *Motion for Judgment on the Pleadings*, arguing that judgment on the pleadings is appropriate as the chain of title resulting from the May 20, 1993 Deed controls because it was recorded first.[27] Likewise, Ms. Chelentis' May 10, 1993 Deed is invalid because she failed to record the deed until June 14, 1993, and her POA was not recorded until November 23, 1993.[28] Therefore, Plaintiffs argue that they are entitled to all rights, title, and interest in the Property.[29]

On October 26, 2018, Defendant filed his *Reply to Plaintiffs' Motion for Judgment on the Pleadings*, as well as his *Brief In Support*. Defendant disputes that entry of judgment on the pleadings is proper.[30] Defendant argues that such action is premature because he properly pled in his Answer "on several occasions" that Ms. Hiras lacked the capacity to execute a power of attorney in 1991.[31]

---

[25] *Id.*, ¶24.

[26] *Id.*

[27] Plaintiffs' Motion for Judgment on the Pleadings, ¶¶5-12. On October 19, 2018, Plaintiffs filed their *Brief in Support* of their motion.

[28] *Id.*, ¶¶14-15.

[29] *Id.*, ¶33.

[30] Defendant's Brief in Support of Reply to Plaintiffs' Motion for Judgment on the Pleadings at 3 (Oct. 26, 2018).

[31] *Id.* at 3-4. Defendant relies on *Wilhelm v. Wilhelm* to support this proposition. *Id.* at 4 (citing *Wilhelm v. Wilhelm*, 657 A.2d 34 (Pa. Super. Ct. 1995)). Plaintiffs filed a *Reply* to Defendant's Brief, arguing that *Wilhelm* is not applicable. Plaintiffs' Reply to Defendant's Brief in Opposition to Plaintiffs' Motion for Judgment on the Pleadings at 1-4 (Nov. 1, 2018). *Wilhelm* is not analogous as the procedural posture involved a petition for a preliminary injunction and a fact-finding hearing by the trial court. *See Wilhelm v.*

5

## Discussion

Pennsylvania is a "race-notice" jurisdiction.[32] Pennsylvania law provides:

All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages.[33]

Pennsylvania law further provides,

The legal effect of the recording of such agreements shall be to give constructive notice to subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements of the fact of the granting of such rights or privileges and/or of the execution of said releases, and the rights of the subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements shall be limited thereby with the same force and effect as if said subsequent purchasers, mortgagees, and/or judgment creditors had actually joined in the execution of the agreement or agreements aforesaid.[34]

Regarding the standard of review for a motion for judgment on the pleadings, the

Pennsylvania Superior Court has stated:

---

*Wilhelm*, 657 A.2d 34, 36 (Pa. Super. Ct. 1995). The current adjudication does not allow for such fact finding by this Court.

[32] *US Bank Nat'l Ass'n v. PNC Bank N.A.*, 2015 WL 5771823, at *3 (E.D. Pa. Oct. 2, 2015).

[33] 21 P.S. § 351; *accord Poffenberger v. Goldstein*, 776 A.2d 1037, 1042 (Pa. Commw. Ct. 2001).

[34] 21 P.S. § 357; *accord In re Best*, 417 B.R. 259, 282 (Bankr. E.D. Pa. 2009).

6

Pennsylvania Rule of Civil Procedure 1034(a) states that "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings." "The motion for judgment on the pleadings is in effect a demurrer and, in considering the motion, the court should be guided by the same principles as would be applicable if it were disposing of a preliminary objection in the nature of a demurrer." Judgment on the pleadings may be entered where there are no disputed issues of fact and the moving-party is entitled to judgment as a matter of law.

In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed. All averments of fact properly pleaded in the adverse party's pleadings, and every reasonable inference that the Court can draw therefrom, must be taken as true, or as admitted, *unless their falsity is apparent from the record.* "Averments of fact which are material and relevant are accepted as true even though denied."[35]

Based on the current procedural posture, the Court finds that Defendant has failed to *properly* plead the incapacity of Ms. Hiras. Pennsylvania Rule of Civil Procedure 1030 requires that affirmative defenses be pled in a responsive pleading under the heading of "New Matter."[36] If the affirmative defense is not raised as New Matter, then it is waived.[37] While Rule 1030 does not enumerate incapacity as an affirmative defense, the list is not exhaustive—new matter has been described as "anything other than a denial, setoff, or counterclaim."[38] Here, Defendant included the allegation of incapacity with a few denials in his Answer. Defendant failed to raise any affirmative defenses under the heading of "New Matter," or allege sufficient facts to support his claim that Ms. Hiras' dementia

---

[35] *Pocono Summit Realty, LLC v. Ahmad Amer, LLC,* 52 A.3d 261, 267 (Pa. Super. Ct. 2012) (internal citations omitted).

[36] Pa.R.C.P. No. 1030(a).

[37] Pa.R.C.P. No. 1032; *see also Iorfida v. Mary Robert Realty Co.,* 539 A.2d 383, 386 (Pa. Super. Ct. 1988).

[38] *Iorfida,* 539 A.2d at 386.

7

resulted in her incapacity. Hence, Plaintiffs were not allowed the opportunity to respond properly through the pleading process. If Defendant had pled sufficient information as New Matter, then the current motion would likely be premature. However, as there is no properly pled dispute regarding the recording priority in this matter, Plaintiffs are entitled to judgment on the pleadings. Therefore, Plaintiffs' Motion is **GRANTED**.

IT IS SO ORDERED this 26th day of November 2018.

BY THE COURT,

Eric R. Linhardt, Judge

cc:    J. Michael Wiley, Esq.
        835 West Fourth Street
        Williamsport, PA 17701
      Gregory A. Stapp, Esq.
        153 West Fourth Street, Ste. 6
        Williamsport, PA 17701
      Gary Weber, Esq. (Lycoming Reporter)

8